# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2011

No. 11-50244
Summary Calendar

Lyle W. Cayce
Clerk

TOM JONES, also known as Thomas P. Jones,

Plaintiff-Appellant

v.

CITY OF AUSTIN; SUSAN SCROGGINS; ROD CHERVENKA,

Defendants-Appellees

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-915

---

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tom Jones filed a *pro se* complaint against the City of Austin (the "City") and two of its employees alleging violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments. After adopting the magistrate judge's recommendation, the district court dismissed Jones's complaint with prejudice. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50244

I.

Jones was the president and sole stockholder of Tom Jones Homes, Inc. (TJH). In 1995, TJH began buying lots and building homes in Austin Lake Hills Section 2, a Travis County subdivision that lies within the City's five-mile extraterritorial jurisdiction. Five years later, TJH contracted to buy an additional group of approximately 36 lots in Austin Lake Hills Section 2, and submitted a Site Development Determination request to the City. According to Jones, the City never responded to his request.

Jones alleges that the City subsequently required TJH to pave a county street according to municipal specifications; construct an expensive underground storm sewer system; and relinquish some of its residential lots to permit the construction of a large water quality pond. In November 2004, the pond failed during heavy rainstorms. Jones avers that, beginning in 2006, the City began filing "a series of 35 virtually identical criminal charges against [him] for the single act of not maintaining the pool." In December 2009 and January 2010, Jones was found guilty of two of these charges.

On November 29, 2010, Jones filed suit in federal court against the City and two of its employees. In his *pro se* complaint, Jones appeared to allege the following four constitutional violations: (1) a violation of his Fifth Amendment due process rights resulting from the City's failure to respond to his Site Development Determination request; (2) an impermissible taking under the Fifth Amendment resulting from the City's alleged request that TJH relinquish some of its residential lots; (3) a violation of the Sixth Amendment's right to a speedy trial; and (4) an Eighth Amendment violation flowing from the "cruel and unusual punishment" he endured as a result of the many personal problems that were caused by the City's actions.

Approximately two weeks later, the assigned magistrate judge recommended dismissal of Jones's suit. On February 8, 2011, the district court

No. 11-50244

adopted the magistrate judge's recommendation and dismissed the suit pursuant to 28 U.S.C. § 1915(e)(2)(B). That same day, final judgment was entered against Jones. This appeal followed.

## II.

### A. Standard of Review

We review dismissal under Section 1915(e)(2)(B)(ii) *de novo*, applying the same standard used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). Under Rule 12(b)(6), we accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted). We then examine the factual allegations to ensure that they are "'enough to raise a right to relief above the speculative level.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (internal quotation marks and citations omitted).

As to dismissal pursuant to Section 1915(e)(2)(B)(i), we review a determination by a district court that a case is frivolous for abuse of discretion. *Warren*, 134 F.3d at 734. A complaint is frivolous if it lacks an arguable basis in law or fact. *Id.* "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (internal quotation marks and citations omitted). "A complaint lacks an arguable basis in fact when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (internal quotation marks and citation omitted).

The magistrate judge's recommendation and the district court's order accepting the recommendation are both silent on the precise basis for the

No. 11-50244

dismissal of Jones's complaint.    While both generally mention Section 1915(e)(2)(B), they fail to explicitly mention whether the basis for dismissal is romanette (i) or (ii).  Given this uncertainty, we will interpret the dismissal as being predicated on both (i) and (ii).  Accordingly, the *de novo* standard of review applies.  *Samford*, 562 F.3d at 678 ("When a district court dismisses a complaint both as frivolous and as failing to state a claim under §§ 1915(e)(2)(B)(i) & (ii), we review the dismissal de novo.") (citation omitted).

**B.    Discussion**

Generously read, Jones's complaint appears to bring several distinct claims under 42 U.S.C. § 1983.  We consider each discernible argument Jones raises on appeal.

**1.    Due Process**

The first two arguments raised by Jones involve alleged due process violations.  According to him, his due process rights were violated when the City: (1) denied his Site Development Determination request; and (2) denied him his right to appeal a municipal code violation.

"The threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest." *DePree v. Saunders*, 588 F.3d 282, 290 (5th Cir. 2009) (citation omitted).  Without such an interest, no right to due process accrues. *Id.* (internal quotation marks and citation omitted).  A person's interest in a benefit is a property interest for due process purposes if there are rules or mutually explicit understandings that support the claim of entitlement to the benefit. *Id.* (internal quotation marks and citations omitted). "Under this analysis, the 'hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except for cause.'" *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1046 (5th Cir. 1998) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)).

No. 11-50244

Jones's due process claims fail to satisfy this threshold requirement. His bare allegations of these two deprivations do not provide a plausible basis for concluding that his due process rights were violated. Because Jones has pointed to no constitutionally cognizable property interest grounded in state law, his due process claims were properly dismissed by the district court.[1]

## 2.    Right to Counsel

Next, Jones argues that his Sixth Amendment right to counsel was violated when he was denied court-appointed counsel in the district court.[2]

"Generally speaking, no right to counsel exists in Section 1983 cases." *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). "'The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under [Section 1983] unless the case presents exceptional circumstances." *Id.* (quoting *Ulmer v, Chandler*, 691 F.2d 209, 212 (5th Cir. 1982)). "A district court has the discretion to appoint counsel if doing so would advance the proper administration of justice." *Id.* (citation omitted). We consider various factors in determining whether the trial court's refusal to appoint counsel amounted to an abuse of discretion: (1) the type and complexity of the case; (2) whether the indigent was capable of presenting his case adequately; (3) whether the indigent was in a position to investigate the case; and (4) whether the evidence would consist in large part of conflicting testimony so as to require skill in the

---

[1]    Jones also asserts that his due process rights were violated when the City "unlawfully convicted [him] in its municipal courts." He fails, however, to identify the constitutional error that took place at these proceedings. Accordingly, the district court's dismissal of this claim was proper.

[2]    Jones also argues that Sixth Amendment rights were violated when he was not granted court-appointed counsel in his municipal court proceedings. Because this argument was not raised in the district court, it has been waived. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.") (citation omitted).

No. 11-50244

presentation of evidence and in cross examination. *Id.* (citation omitted). Here, the district court did not abuse its discretion in denying Jones court-appointed counsel. Jones's ability to investigate and present his case sufficiently supports this conclusion.

### 3.    Speedy Trial

Finally, Jones contends that his Sixth Amendment right to a speedy trial was violated. In support of this argument, he merely notes the number of docket entries in the cases involving him and summarily concludes that his "rights to a speedy trial were grossly violated" by the City. Given this undeveloped presentation, we conclude that this argument has been abandoned on appeal. *See Dardar v. Lafourache Realty Co., Inc.*, 985 F.2d 824, 831 (5th Cir. 1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned.") (citations omitted). While we "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citation omitted).

### III.

Finding no error in the district court's judgment, we AFFIRM. All pending motions are DENIED.