# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50744
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2014

Lyle W. Cayce
Clerk

JERRENE L'AMOREAUX; CLARKE F. L'AMOREAUX,

Plaintiffs – Appellants

v.

WELLS FARGO BANK, N.A.; MERSCORP HOLDINGS, INCORPORATED;
BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.,

Defendants – Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-52

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jerrene and Clarke L'Amoreaux (the "L'Amoreauxes") appeal the district court's dismissal of their suit against the defendants. The L'Amoreauxes brought this suit against Wells Fargo, MERSCORP ("MERS"), and the law firm of Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin") alleging a variety of claims arising from the foreclosure of the L'Amoreauxes' house. In

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50744

short, the L'Amoreauxes allege that Wells Fargo and MERS lacked authority to foreclose on the home, and that Barrett Daffin made false claims of an interest in the L'Amoreauxes' property, in violation of Texas law, by sending notices of acceleration and notices of trustee sale to the L'Amoreauxes. The district court dismissed all of the L'Amoreauxes' claims under Rule 12(b)(6). For the following reasons, we AFFIRM this dismissal.

I.

The L'Amoreauxes purchased their home in March 2008. They financed this purchase with a loan from Cornerstone Home Mortgage Corporation ("Cornerstone"). The L'Amoreauxes signed a note (the "Note") and a deed of trust (the "Deed of Trust") as part of this transaction. The Note explicitly recognized that a subsequent party who took the Note by transfer would be entitled to receive payments under the Note and would be treated as a "Note Holder." Similarly, the Deed of Trust named Cornerstone as "the Lender," but recognized that a Lender may also be "any holder of the Note who is entitled to receive payments under the Note." The Deed of Trust also named MERS as acting as a nominee for "Lender and Lender's successors and assigns." Finally, the Deed of Trust recognized MERS as "the beneficiary under [the Deed of Trust]" with the "right to foreclose and sell the Property."

The Note was later endorsed over to Wells Fargo. The endorsement is undated, but is signed by "Cornerstone Home Mortgage Corp." As a result of its parent company entering Chapter 11 bankruptcy, Cornerstone was converted from a corporation to an LLC in October 2009. The LLC was subsequently dissolved in September 2010. Because the endorsement was signed by the corporate entity, it must have occurred prior to October 2009.

In July 2011, MERS assigned the Deed of Trust, and all of its beneficial interest under the Deed of Trust, to Wells Fargo.

At the beginning of 2011, Wells Fargo sent the L'Amoreauxes a notice of default. Throughout 2011 and into 2012, Barrett Daffin sent several notices of acceleration and trustee sale to the L'Amoreauxes on behalf of Wells Fargo. At the end of 2012, the L'Amoreauxes brought this suit in Texas state court for claims including quiet title, fraudulent foreclosure, breach of contract, and fraudulent lien or claims against real property based on the transfers of the Note and Deed of Trust, and the foreclosure proceedings.

The defendants removed the case to federal court on the basis of diversity jurisdiction. The L'Amoreauxes filed a motion to remand, arguing that because Barrett Daffin is a Texas resident, complete diversity did not exist. The district court denied the motion to remand, holding that Barrett Daffin was improperly joined and dismissed the L'Amoreauxes' claims against Barrett Daffin for failure to state a claim. The district court also dismissed all claims against Wells Fargo and MERS for failure to state a claim and entered a final judgment dismissing all of the L'Amoreauxes' claims. They now bring this appeal.

## II.

This court reviews a Rule 12(b)(6) dismissal de novo. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 672 (5th Cir. 2013). At the 12(b)(6) stage, we accept all well-pleaded factual allegations as true. *Id.*

## A.

We look first to the L'Amoreauxes' claims against Wells Fargo and MERS. For the most part, these claims are foreclosed by binding circuit precedent. In *Martins v. BAC Home Loans Servicing, L.P.*, this court rejected the argument that a party needed to possess both the Note and the Deed of Trust in order to foreclose on a property. 722 F.3d 249, 255 (5th Cir. 2013) ("The party to foreclose need not possess the note itself."). Here, MERS possessed the power to foreclose under the Deed of Trust and assigned this power to Wells Fargo. The L'Amoreauxes attempt to demonstrate that *Martins*

No. 13-50744

was wrongly decided. Such an argument is wholly unavailing. We are bound by the *Martins* holding. Accordingly, if Wells Fargo was validly assigned the Deed of Trust, Wells Fargo would have authority to foreclose on the property.

The L'Amoreauxes present one argument to distinguish this case from *Martins.* They assert that MERS could not have validly assigned the Deed of Trust to Wells Fargo because MERS was acting only as a nominee for Cornerstone and, at the time of the assignment, Cornerstone had ceased to exist. This argument is without merit. Although Cornerstone had ceased to exist at the time of the assignment, the Deed of Trust explicitly contemplates MERS's continuing to act as nominee for Cornerstone's "successors and assigns." It is undisputed that Cornerstone Corporation endorsed the Note to Wells Fargo.[1] At that point, MERS became a nominee for Wells Fargo. MERS thus continued to have the authority to assign its rights under the Deed of Trust.

Thus, the district court properly dismissed the claims against MERS because MERS was acting within its rights under the Deed of Trust when it assigned its interest to Wells Fargo. Similarly, the district court properly dismissed the claims against Wells Fargo because, as the holder of the Deed of Trust, Wells Fargo had authority to foreclose on the L'Amoreauxes' property.

B.

We turn next to the L'Amoreauxes' claims against Barrett Daffin. As an incident to the foreclosure proceedings, Barrett Daffin drafted, filed, or mailed documents including notices of acceleration and notices of trustee sale. The L'Amoreauxes argue that these documents are fraudulent claims against their property in violation of Texas Civil Practices and Remedies Code § 12.002.

---

[1] As discussed more fully below, the assignment of the Note independently provided authority for Wells Fargo to foreclose. But because the L'Amoreauxes focus their argument on the assignment of the Deed of Trust, we resolve the issue on those grounds.

4

Additionally, the L'Amoreauxes allege that at the time they received these notices on behalf of Wells Fargo – notices that had been drafted and/or sent by Barrett Daffin – there was no indication in the relevant property records that the Note or Deed of Trust had been transferred to Wells Fargo.  The L'Amoreauxes thus argue that Barrett Daffin violated § 12.002 because it sent these notices without undertaking any inquiry into whether Wells Fargo actually had an interest in the property.

Barrett Daffin asserts that it was acting within the scope of its representation of Wells Fargo, and it therefore enjoys attorney immunity from the claims.  Consequently, the parties spend a great deal of time sparring over the scope of attorney immunity under Texas law.  Because the L'Amoreauxes do not state a claim against Barrett Daffin even if attorney immunity does not apply, we do not decide the immunity question.

As relevant here, under § 12.002 "[a] person may not make, present, or use a document or other record with: (1) knowledge that the document or other record is . . . a fraudulent lien or claim against real or personal property or an interest in real or personal property. . . ."  Tex. Civ. Prac. & Rem. Code § 12.002(a)(1).  The parties dispute what qualifies as "fraudulent" under the statute, but agree that, at the very least, the document must represent a lien or claim that does not actually exist.  That is, the L'Amoreauxes must allege that Barrett Daffin knowingly made or presented a document that reflected a false lien or interest in the property.

Here, aside from a single sentence in their complaint in which the L'Amoreauxes baldly assert that the defendants acted knowingly, there is no evidence to suggest that this is the case. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420 (5th Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  At most, the L'Amoreauxes allege that Barrett Daffin failed to

conduct an adequate investigation of the public records prior to sending these notices (assuming that the assignments must be reflected in the public records). This likely amounts to no more than negligence on the part of Barrett Daffin, hardly satisfying the standards of § 12.002.

This alone is fatal to the L'Amoreauxes' § 12.002 claim. But in addition, other undisputed facts suggest that the interest in real property asserted by the notices was not false. Cornerstone endorsed the Note to Wells Fargo. Because the Note was signed by "Cornerstone Home Mortgage Corp." the endorsement must have occurred prior to the corporation's being converted to an LLC in October 2009. Thus, as early as 2009, Wells Fargo held the Note. Even accepting the L'Amoreauxes' argument that only a party that possesses the Note has authority to foreclose on their property, Wells Fargo had authority to do so. *See Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 332 (5th Cir. 2012) (per curiam) (unpublished) (recognizing that, under Texas law, it was enough for foreclosing party to "establish that it was in possession of the note"). It is thus not plausible that Barrett Daffin knowingly made or presented a document with a false interest or claim against real property where the undisputed facts indicate that Wells Fargo – the client Barrett Daffin was acting on behalf of – had an interest in the property.

For this reason, even if attorney immunity does not apply, the district court properly dismissed the claims against Barrett Daffin.

III.

Accordingly, the judgment of the district court dismissing the claims is AFFIRMED.