# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20678
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 30, 2015

Lyle W. Cayce
Clerk

DAVID D. ERICSON; ROSEMARY ERICSON,

Plaintiffs–Appellants,

v.

RESURGENT CAPITAL SERVICES, L.P.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INCORPORATED; BANK OF AMERICA, N.A.,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1288

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

David D. Ericson and Rosemary Ericson challenge Bank of America, N.A.'s authority to foreclose on their property. The district court granted summary judgment in favor of Mortgage Electronic Registration Systems, Inc. (MERS), Resurgent Capital Services, L.P. (Resurgent), and Bank of America. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20678

## I

David D. Ericson obtained a home equity loan from JLM Direct Funding, Ltd. by signing a promissory note, and as security for payment of the note, Ericson and his then-spouse, Rosemary Ericson, signed a deed of trust that granted JLM a lien on property located in Spring, Texas. The deed of trust states: "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." In February 2010, MERS, as nominee for JLM and its successors and assigns, assigned the note and the deed of trust to Bank of America. In April 2012, Bank of America transferred the servicing of the loan to Resurgent Mortgage Servicing, a division of Resurgent. In July 2013, MERS, as nominee for JLM and its successors and assigns, assigned the note and the deed of trust to Resurgent.

After years of default on payments, in August 2012, Bank of America filed an application for home equity foreclosure in Texas state court, noting Resurgent as "the mortgage servicer." The state court ordered that Bank of America "or their successors or assigns" could proceed with the foreclosure. After receiving notice of a trustee sale, the Ericsons filed a petition for declaratory judgment and an application for a temporary restraining order against Resurgent, Bank of America, and MERS in Texas state court. The state court granted the application for a temporary restraining order. Bank of America removed the case to federal district court based on diversity jurisdiction.

The Ericsons' complaint was based on the argument that because MERS had no authority to assign the note and deed of trust to Bank of America, the assignment is void, and Bank of America has no right to seek foreclosure. The parties filed cross-motions for summary judgment. The district court granted

2

No. 14-20678

summary judgment in favor of Resurgent, Bank of America, and MERS and dismissed the Ericsons' claims.  The Ericsons timely appealed.

## II

We review a district court's grant of summary judgment de novo, "considering all facts in the light most favorable to the non-moving party."[1] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]

## III

We must first address the arguments made by MERS, Bank of America, and Resurgent that the Ericsons lack standing to challenge the assignment on the ground that MERS lacked the authority to assign the deed of trust to Bank of America.

This court recognized in *Reinagel v. Deutsche Bank National Trust Co.* that, under Texas law, a debtor cannot "defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor" but may defend on the ground that the assignment is void.[3]  We further observed that, under Texas law, challenges to facially valid assignments "for want of authority" may only be brought by the defrauded assignor.[4]  Here, the assignment from MERS to Bank of America is

---

[1] *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing *Meza v. Intelligent Mex. Mktg., Inc.*, 720 F.3d 577, 580 (5th Cir. 2013)).

[2] FED. R. CIV. P. 56(a).

[3] 735 F.3d 220, 225 (5th Cir. 2013); *see also Vazquez v. Deutsche Bank Nat'l Trust Co., N.A.*, 441 S.W.3d 783, 787 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.).

[4] *Reinagel*, 735 F.3d at 228; *accord id.* at 226 (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976)); *cf. Nobles*, 533 S.W.2d at 926-27 (holding that "[d]eeds procured by fraud are voidable only, not void, at the election of the grantor" in response to the plaintiffs' argument that the defendant executed a conveyance to a third party without authority).

No. 14-20678

facially valid. Accordingly, the Ericsons cannot challenge the assignment on the ground that MERS lacked authority to execute the assignment.[5]

## IV

The Ericsons argue that because neither Bank of America nor Resurgent is the holder or owner of the Ericsons' promissory note, they lack the authority to foreclose on the Ericsons' property. Even if the Ericsons' allegations were factually accurate, we squarely rejected this argument in *Martins v. BAC Home Loans Servicing, L.P.*, in which we held that, under Texas law, "[t]he party to foreclose need not possess the note itself."[6]

The Ericsons also make general allegations of fraud under TEX. CIV. PRAC. & REM. CODE § 12.002[7] against MERS and Bank of America for filing the assignment from MERS to Bank of America in the Harris County, Texas,

---

[5] *See Reinagel*, 735 F.3d at 225, 228.

[6] 722 F.3d 249, 253-56 (5th Cir. 2013); *see also id.* at 255 ("Because MERS is a book-entry system, it qualifies as a mortgagee. Thus, the Texas Property Code contemplates and permits MERS either (1) to grant the mortgage servicer the authority to foreclose or, if MERS is its own mortgage servicer, (2) to bring the foreclosure action itself. In either event, the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure. . . . Where a debt is 'secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations.'" (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App—Corpus Christi 2002, pet. denied))).

[7] TEX. CIV. PRAC. & REM. CODE § 12.002(a) states:
> A person may not make, present, or use a document or other record with:
>> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>> (3) intent to cause another person to suffer:
>>> (A) physical injury;
>>> (B) financial injury; or
>>> (C) mental anguish or emotional distress.

4

records.  As support, the Ericsons merely repeat their argument that MERS lacked authority to execute the assignment.  But the assignment from MERS to Bank of America is facially valid.  This court held in *Martins* that MERS qualifies as a mortgagee under Texas law and has the power to foreclose.[8]  In the present case, in addition to naming MERS as the beneficiary of the deed of trust and the nominee of the lender and its successors and assigns, the deed of trust states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

The deed of trust unequivocally gives MERS the power to foreclose and sell the mortgaged property, and MERS could assign that power to a third party.[9]

The Ericsons also argue that they are entitled to file a claim for wrongful foreclosure.  To establish a claim of wrongful foreclosure, the Ericsons must show "(i) 'a defect in the foreclosure sale proceedings'; (ii) 'a grossly inadequate selling price'; and (iii) 'a causal connection between the defect and the grossly inadequate selling price.'"[10]  The Ericsons have produced no evidence of the second and third elements and merely repeat their arguments that MERS

---

[8] *Martins*, 722 F.3d at 255.

[9] *See L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748, 750 (5th Cir. 2014); *see also Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 46-47 (Tex. App—Houston [14th Dist.] 2014, no pet.).

[10] *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).

No. 14-20678

lacked authority to make the assignment to Bank of America and that Bank of America is not the holder of the promissory note.

For these reasons, the judgment of the district court is AFFIRMED.