IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-40855
Summary Calendar

MICHAEL CHING-LUNG WANG

Plaintiff-Appellant

V.

FORMOSA PLASTICS CORPORATION TEXAS

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:06-CV-49

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Ching-Lung Wang ("Wang") began work at Formosa Plastics
Corp., Texas ("Formosa") on July 16, 1996. During the course of his
employment, Wang was allegedly denied access to Formosa's office before normal
business hours and on weekends. Formosa terminated Wang on May 6, 2005,
for reasons allegedly unrelated to Wang's complaints regarding use of company

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

facilities–namely, for "insubordination," "inappropriate and threatening comments to his manager," and "behaving in an inappropriate manner."

On June 20, 2005, Wang filed an EEOC Charge of Discrimination ("EEOC Charge"), alleging that Formosa discriminated against him on the basis of race, sex, and age. Specifically, Wang wrote:

> During the past three hundred days, I have been subjected to different terms and conditions of employment which I believe are based on my race, age, and sex. For example, I have been threatened by management regarding my ability to use the Flexible Time Leave policy; denied a key to the office; and segregated from employees who are not of my race. On March 1, 2005, I received a "C" performance evaluation. On May 11, 2005, I was terminated from my position.

After receiving a right-to-sue letter from the EEOC, Wang–acting pro se–filed a form employment discrimination complaint in the Southern District of Texas.

Although Wang's EEOC Charge asserted various instances of discriminatory practices and alleged discrimination based on his race, sex, and age, the allegations in his complaint were limited to sex discrimination based upon the use of company facilities. Specifically, Wang limited his claim to two instances of sex discrimination: (1) being denied a key to the office; and (2) being denied access to the office on weekends. Wang did not identify his discharge as a basis for his discrimination complaint.

On August 9, 2007, the district court granted summary judgment for Formosa, finding that Wang failed to establish a prima facie case of discrimination. The district court held that Formosa's alleged failure to provide Wang with a key to the office and failure to permit him to work on weekends did not constitute adverse employment actions. Wang now appeals.

As a preliminary matter, Wang does not dispute the district court's determination that his claims regarding the use of company facilities did not constitute actionable adverse employment actions. Wang has, therefore, waived

any such argument. In re Tex. Mortgage Servs. Corp., 761 F.2d 1068, 1073-74 (5th Cir. 1985).

Instead, Wang's sole claim on appeal is that he sufficiently alleged that Formosa terminated him on the basis of his gender, and, therefore, he alleged an adverse employment action precluding summary judgment. It is clear, however, that Wang has not preserved this argument for appeal.

Wang's complaint only asserts sex discrimination based upon the use of company facilities. Wang nowhere identifies or intimates in his complaint that his discharge was a result of sex discrimination.[1] The fact that Wang's EEOC Charge–attached to his complaint–can be read to allege that his termination was based on impermissible discrimination does little to help Wang's argument. The EEOC Charge contains numerous allegations of discrimination, which Wang chose not to include in his complaint.[2]

Furthermore, Wang never asserted any claim based on his termination during litigation. In his deposition, Wang testified that the sole basis of his sex discrimination complaint involved the use of company facilities. Moreover, in its Motion for Summary Judgment, Formosa specifically asserted that Wang was not claiming that his discharge was discriminatory, and Wang–in his response–did not contest this fact and did not claim that he was asserting a discriminatory discharge claim.

---

[1] Notably, on Wang's form complaint, Wang did not check the box marked "terminated the plaintiff's employment" as a basis for his complaint and did not identify his discharge as an example of "[w]hen and how the defendant has discriminated against the plaintiff."

[2] For instance, in his EEOC Charge, Wang also alleged race and age discrimination and asserted that such discrimination resulted in threats regarding his use of Formosa's Flexible Time Leave policy, segregation from employees of different races, and a poor performance evaluation, in addition to termination and denial of use of company facilities. Wang ostensibly chose not to include many of these allegations in his complaint, including the allegation regarding his termination.

We recognize that Wang acted pro se before the district court and that we liberally construe the pleadings and briefs of pro se litigants.  Clayton v. Shaw, 548 F.2d 1155, 1156 (5th Cir. 1977) (per curiam).  However, Wang utterly failed to present his discriminatory discharge claim before the district court, and we will, therefore, not consider it on appeal.  FDIC v. Mijalis, 15 F.3d 1314, 1327 (5th Cir. 1994) ("If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal.").

AFFIRMED.