# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES of America Ex Rel. GEORGE GAGE,

Plaintiff–Appellant,

v.

DAVIS S.R. AVIATION, L.L.C., doing business as Challenger Spares and Support; CHALLENGER REPAIR GROUP, L.L.C.; ORION AIR GROUP, L.L.C.; BOMBARDIER, INCORPORATED; NORTHROP GRUMMAN CORPORATION; STEVE DAVIS, Individually; NORTHROP GRUMMAN DEFENSE MISSION SYSTEMS; NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS, INCORPORATED,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-904

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Relator George Gage appeals the district court's dismissal of his Rule 60(b) motion. Because the district court dismissed the motion without reaching the merits, we vacate and remand.

## I

Gage brought suit under the False Claims Act against Davis S.R. Aviation, L.L.C.; Challenger Repair Group, L.L.C.; Orion Air Group, L.L.C.; Bombardier, Inc.; Northrop Grumman Corp. and related entities; and Steve Davis (collectively, the defendants).[1] The district court dismissed the case with prejudice for Gage's failure to satisfy the pleading requirements of Rule 9(b),[2] and this court affirmed.[3] While the appeal of the district court's dismissal was pending before the prior panel, Gage filed a Rule 60(b) motion for relief from final judgment claiming the discovery of new evidence and requesting the district court's *in camera* inspection of particular documents. While the appeal was still pending, the district court dismissed the Rule 60 motion "as this case is on appeal to the United States Court of Appeals for the Fifth Circuit, which has jurisdiction therein." Gage now appeals the dismissal of his Rule 60(b) motion.

## II

We generally review the denial of a Rule 60(b) motion for abuse of discretion.[4] "A district court abuses its discretion if it bases its decision on an

---

[1] *United States ex rel. George Gage v. Davis S.R. Aviation, L.L.C.*, --- F. App'x ---, 2015 WL 4237682, at *1 (5th Cir. July 14, 2015).

[2] FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *see also Gage*, 2015 WL 4237682, at *2 ("Rule 9(b) requires, at a minimum, that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." (quoting *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010))).

[3] *Gage*, 2015 WL 4237682, at *5.

[4] *Frew v. Janek*, 780 F.3d 320, 326 (5th Cir. 2015). *But see Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (holding that review of a Rule 60(b)(4) motion is de novo).

erroneous view of the law or on a clearly erroneous assessment of the evidence."[5]

## III

Gage argues that the district court was required to consider the merits of his motion and that its failure to do so constitutes an abuse of discretion. The defendants concede that the pendency of an appeal is not, by itself, a basis for dismissal but contend that there are alternative grounds to support the dismissal on the merits.

When a notice of appeal is filed, jurisdiction is transferred to the court of appeals.[6]  As this court has explained,

> [w]hen a Rule 60(b) motion is filed while an appeal is pending, this circuit, along with other circuits and the commentators, has expressly recognized the power of the district court to consider on the merits and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal. When the district court is inclined to grant the 60(b) motion, however, then it is necessary to obtain the leave of the court of appeals.[7]

The district court "does not have the option simply to deny the motion, without considering it on its merits."[8]

This court has previously reversed (or vacated) the denial of a 60(b) motion and remanded to the district court when the district court erroneously denied the motion without reaching the merits.[9]  In addition, the district court

---

[5] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Kennedy v. Tex. Utils.*, 179 F.3d 258, 265 (5th Cir. 1999)).

[6] *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984).

[7] *Id.* (citing *Lairsey v. Advance Abrasive Co.*, 542 F.2d 928 (5th Cir. 1976); *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697 (5th Cir. 1955)).

[8] *Silva v. Harris Cty.*, 5 F.3d 1496, at *2 (5th Cir. 1993) (per curiam) (unpublished but precedential under 5TH CIR. R. 47.5).

[9] *See id.* at *1-3 (vacating the district court's denial of the Rule 60(b) motion because the "case is currently on appeal to the United States Court of Appeals for the Fifth Circuit"

need not seek leave to consider a Rule 60(b) motion even after appellate review is finished.[10]

*     *     *

Accordingly, we VACATE and REMAND to the district court for consideration of Gage's Rule 60(b) motion.

---

and remanding to the district court); *Lairsey*, 542 F.2d at 929, 932 (reversing the district court's denial of the Rule 60(b) motion because it was "not filed within the period allowed for perfecting a timely appeal" and remanding to the district court); *Ferrell*, 223 F.2d at 698-99 (reversing the district court's denial of the Rule 60(b) motion on the ground that the movant had paid the judgment against him and remanding for "a full hearing on the merits" of the motion); *see also Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) ("In this case, . . . the district court did not consider the merits of [the] Rule 60(b) motions . . . , but instead held that it lacked jurisdiction to do so [because the appeal was pending]. Based on the foregoing legal principles, this was erroneous. Accordingly we reverse its dismissal of these motions with instructions to undertake the inquiry explicated above."); *cf. Lopez Dominguez v. Gulf Coast Marine & Assocs.*, 607 F.3d 1066, 1073-76 (5th Cir. 2010) (remanding a case in which a party needlessly moved the Fifth Circuit on appeal for leave to file a Rule 60(b) motion in the district court); *Robroy Indus. Inc. v. Schwalbach*, 257 F. App'x 761, 762 (5th Cir. 2007) (per curiam) (remanding to the district court for consideration "on the merits" of the Rule 60(b) motion).

[10] *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 17-19 (1976) (per curiam).