# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2016

No. 15-20201

Lyle W. Cayce

Clerk

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the Residential Asset Securitization Trust 2007-A8, Mortgage Pass-Through Certificates, Series 2007-H under the Pooling and Servicing Agreement dated June 1, 2007,

      Plaintiff - Appellant

v.

JOANNA BURKE; JOHN BURKE,

      Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1658

Before REAVLEY, HAYNES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Joanna and John Burke borrowed $615,000 from IndyMac Bank, with Joanna alone executing a note containing a promise to pay. The Burkes stopped making payments on this loan in December 2009; sixteen months later, Deutsche Bank, the holder of the Burkes' deed of trust, sought a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20201

declaratory judgment authorizing a non-judicial foreclosure sale pursuant to Texas law. After briefing and a bench trial, the magistrate judge held that Deutsche Bank could not foreclose on the Burkes' property, finding that "at no time has Deutsche Bank possessed any right, title, or interest in the Burkes' note and security interest." Deutsche Bank timely appealed.

## BACKGROUND

Joanna and John Burke applied for a home equity loan in early 2007, but were denied by IndyMac Bank because they had no income—they were retired. Representatives at IndyMac Bank soon changed their mind, however, and notified the Burkes that their loan would be approved. Joanna Burke signed a Texas Home Equity Note in May 2007 promising to pay $615,000 plus interest to secure a loan from IndyMac Bank. The note was secured by a Texas Home Equity Security Instrument (deed of trust), signed by both Joanna and John, placing a lien on their property. Mortgage Electronic Registration Systems, Inc. (MERS) is the beneficiary named in the deed of trust.

In the summer of 2008, the Office of Thrift Supervision closed IndyMac Bank and transferred substantially all of IndyMac Bank's assets to IndyMac Federal Bank, FSB. In the spring of 2009, the Federal Deposit Insurance Corporation placed IndyMac Federal in receivership, selling substantially all of its assets to OneWest Bank, FSB. During this period, the Burkes started having trouble with their loan. They complained that their monthly payments were being placed in suspense rather than being applied towards their mortgage. The Burkes tried to arrange a loan modification, but were told that they had to be three months in arrears to be eligible. They went three months in arrears according to these instructions, were told to pay the arrearage to get the modification, and arranged to pay the arrearage—but did not get the modification. In the summer of 2009, Joanna Burke sued former Secretary of

2

No. 15-20201

the Treasury Timothy Geithner because of IndyMac Federal's conduct. Joanna ultimately withdrew the suit. The Burkes made their loan payments until December 2009—their last attempted payment was returned by the bank.

IndyMac Mortgage Services notified the Burkes in March 2010 that their loan was in default, giving them approximately thirty days to cure the default by paying $14,282.48 in overdue payments and late fees. The Burkes did not make any payments. In December 2010, the Burkes sued IndyMac Mortgage Services, MERS, and others in Texas state court for breach of contract and predatory lending practices. This second suit was removed to federal court and dismissed in March 2011 because the Burkes did not wish to pursue the case. In January 2011, MERS assigned the Burkes' deed of trust to Deutsche Bank. The assignment listed April 9, 2010, as the effective date: nine months prior to the date on which it was executed. In February 2011, OneWest Bank, the mortgage servicer for Deutsche Bank, notified the Burkes that because they had failed to cure the default on their loan, their mortgage was accelerated. The Burkes still did not make any payments.

In April 2011, Deutsche Bank sought a declaratory judgment in federal district court authorizing a non-judicial foreclosure sale pursuant to Texas law. The parties consented to magistrate judge jurisdiction, who found for the Burkes. Deutsche Bank timely appealed. After reviewing the briefs, record, and applicable case law, we VACATE the Amended Final Declaratory Judgement in favor of the Burkes and REMAND for further proceedings.

## DISCUSSION

### I.

Following a bench trial, we review legal determinations de novo and findings of fact for clear error. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 352 (5th Cir. 2009).

3

No. 15-20201

II.

Deutsche Bank sought an order authorizing it to proceed with a non-judicial foreclosure sale pursuant to Texas Property Code § 51.002. The Burkes contend—and the magistrate judge held—that Deutsche Bank did not establish its right to foreclose on the Burkes' property under Texas law. In Texas, borrowers like the Burkes execute two documents to obtain a home equity loan: "(1) a promissory note that creates the borrower's legal obligation to repay the lender, and (2) a deed of trust that grants the lender a lien on the property as security for the debt." *Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 549 (5th Cir. 2015). This court has repeatedly held that, under Texas law, the note and the deed of trust (also called a lien) are distinct obligations, each providing the right of foreclosure. *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) ("Where a debt is 'secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations.'" (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied))).

Here, the magistrate judge erred in finding that Deutsche Bank did not possess the right to foreclose under the Burkes' deed of trust. "Under Texas law, a non-judicial foreclosure may be initiated by the current mortgagee including: 'the grantee, beneficiary, owner, or holder of a security instrument;' a 'book entry system;' or 'the last person to whom the security interest has been assigned of record.'" *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (quoting Tex. Prop. Code § 51.0001(4)). MERS assigned the Burkes' mortgage to Deutsche Bank—the new mortgagee—by an Assignment of Deed of Trust dated January 20, 2011. By this assignment, Deutsche Bank now held "a perfected security interest in the [Burkes'] property," including "the right to invoke the power of sale." *Harris Cty.*, 791 F.3d at 556; *see also Farkas*, 737 F.3d at 342 ("Our holding in *Martins* permits MERS and its assigns to bring

4

No. 15-20201

foreclosure actions under the Texas Property Code. Deutsche Bank became the mortgagee as defined under Section 51.0001(4) by valid and recorded transfer of the deed[ ] of trust and therefore was an appropriate party to initiate non-judicial foreclosure actions.").

The magistrate judge found four reasons why the Assignment of Deed of Trust from MERS to Deutsche Bank was "void and absolutely invalid":

> (A) the putative assignor, IndyMac Bank, F.S.B., had been defunct for more than two years at the time of execution, and therefore had no legal existence or capacity to act; (B) the party executing the assignment, [MERS], acted solely in its capacity as "nominee for IndyMac Bank F.S.B., its successors and assigns," not in its own behalf or any other capacity; (C) the document does not specify who the successors or assigns might be, whether they had any rights under the Burkes' note or security instrument, and if so how they obtained those rights; and finally (D) the curious backdating of the document [ ] confirms the suspicion that this document was generated to obscure the chain of title inquiry rather than to illuminate it.

Because he determined that the assignment was void, the magistrate judge held that "there is no way to tell which entity, if any, currently possesses the right to foreclose on the Burkes' property lien." These four reasons, however, all misunderstand our precedent and Texas law. The first three reasons—(A) through (C) listed above—are all based on the incorrect premise that when MERS assigned the deed of trust to Deutsche Bank, acting per the assignment as "nominee for IndyMac Bank," it as beneficiary did not have authority to assign the deed of trust. However, the original deed of trust named MERS as a beneficiary, and Texas law and our precedent make clear that MERS, acting on its own behalf as a book entry system and the beneficiary of the Burkes' deed of trust, can transfer its right to bring a foreclosure action to a new mortgagee by a valid assignment of the deed of trust. *See Farkas*, 747 F.3d at 342. Here, MERS assigned its right to foreclose under the deed of trust to Deutsche Bank. That the assignment did not state that MERS was acting in

its capacity as beneficiary does not change our analysis. *See, e.g.*, *Allen v. Bank of Am., N.A.*, No. EP-14-CV-429-KC, 2015 WL 1726986, at *8 (W.D. Tex. Apr. 15, 2015) ("MERS had every right to assign its interest in the Property to Deutsche Bank. Moreover, the fact that [the lender] filed for bankruptcy some four years after the Security Instrument was executed does not deprive MERS of its previously acquired authority to assign its interest to a third party.").[1]

The fourth reason—that the assignment was backdated, listed as (D) above—is not supported by Texas law. At least two Texas Courts of Appeals have considered this very question, and both have held that an assignment may have a retroactive "effective date." *See Transcon. Realty Inv'rs, Inc. v. Wicks*, 442 S.W.3d 676, 680 (Tex. App.—Dallas 2014, pet. denied) ("Although assignments are usually effective on the date on which they are signed, there is no language in the lease which would require that the assignment only be effective upon execution."); *see also Crowell v. Bexar Cty.*, 351 S.W.3d 114, 118–19 (Tex. App.—San Antonio 2011, no pet.). As in *Wicks*, there is no language identified to us in the Burkes' deed of trust prohibiting retroactive assignment. The deed of trust was assigned to MERS, and then by MERS—validly—to Deutsche Bank, which did not need the note to foreclose on the Burkes' property. *See Martins*, 722 F.3d at 255. The magistrate judge erred in finding

---

[1] The assignment in *Casterline v. OneWest Bank, F.S.B.*, 537 F. App'x 314, 317 (5th Cir. 2013) (unpublished), was nearly identical to the assignment in the present case. In both assignments, MERS purported to be acting "as nominee for" the lender rather than specifically stating that it was acting pursuant to its authority as a book entry system and beneficiary of the deed of trust. Here, as in *Casterline*, we do not find that to be prohibitive (and we note that we have not found a single case from any Texas state court that has made this distinction). *Stone v. Sledge*, 26 S.W. 1068, 1069 (Tex. 1894), the case cited by the magistrate judge, is inapposite. That case involved the rights of husbands and wives in conveying property, and, as the magistrate judge noted, declared "wholly inoperable" a deed signed by a spouse who was not named as grantor in the body of the deed. In this case, MERS was named *both* a beneficiary and "as nominee for" the lender in the deed of trust. It is unquestionable that MERS, as the beneficiary of a security instrument and a book entry system, "had the authority to transfer the Security Instrument together with the power to foreclose to another party." *Casterline*, 537 F. App'x at 317; *see also Martins*, 722 F.3d at 225.

No. 15-20201

that Deutsche Bank did not possess the right to foreclose under the Burkes' deed of trust.

## CONCLUSION

For the foregoing reasons, we VACATE the final judgement and REMAND to the district court to determine whether Deutsche Bank met the remaining requirements to foreclose under Texas law and, if so, grant a final judgment for Deutsche Bank and rule on any outstanding request for attorneys' fees.