# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2018

Lyle W. Cayce
Clerk

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the
Residential Asset Securitization Trust 2007-A8, Mortgage Pass-Through
Certificates, Series 2007-H under the Pooling and Servicing Agreement dated
June 1, 2007,

     Plaintiff - Appellant

v.

JOANNA BURKE; JOHN BURKE,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1658

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

    In this mortgage foreclosure suit filed by Deutsche Bank National Trust
Company, a prior panel opinion of this court reversed the magistrate judge and
held that Deutsche Bank possessed a right to foreclose under a valid
assignment of the deed of trust. We vacated the final judgment in favor of
mortgagors, Joanna and John Burke, and remanded with instructions to

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-20026

determine whether Deutsche Bank met the remaining requirements to foreclose under Texas law. Pursuant to our mandate, the magistrate judge concluded that the Burkes' remaining challenges to the foreclosure suit lacked merit. Nevertheless, the magistrate judge proceeded to defy the mandate and contravene the law of the case doctrine by concluding that our prior opinion was clearly erroneous and that failure to correct the error would result in manifest injustice. He therefore rendered final judgment in favor of the Burkes for a second time. We REVERSE and RENDER judgment in favor of Deutsche Bank.

## I. Background

The relevant facts leading up to this foreclosure suit, as described in our prior opinion, are as follows:

> Joanna Burke signed a Texas Home Equity Note in May 2007 promising to pay $615,000 plus interest to secure a loan from IndyMac Bank. The note was secured by a Texas Home Equity Security Instrument (deed of trust), signed by both Joanna and John, placing a lien on their property. Mortgage Electronic Registration Systems, Inc. (MERS) is the beneficiary named in the deed of trust.

> In the summer of 2008, the Office of Thrift Supervision closed IndyMac Bank and transferred substantially all of IndyMac Bank's assets to IndyMac Federal Bank, FSB. In the spring of 2009, the Federal Deposit Insurance Corporation [("FDIC")] placed IndyMac Federal in receivership, selling substantially all of its assets to OneWest Bank, FSB. . . . The Burkes made their loan payments until December 2009—their last attempted payment was returned by the bank.

> . . . . In January 2011, MERS assigned the Burkes' deed of trust to Deutsche Bank. . . . In February 2011, OneWest Bank, the mortgage servicer for Deutsche Bank, notified the Burkes that because they had failed to cure the default on their loan, their mortgage was

2

> accelerated.    The Burkes still did not make any payments.
>
> In April 2011, Deutsche Bank sought a declaratory judgment in federal district court authorizing a non-judicial foreclosure sale pursuant to Texas law.

*Deutsche Bank Nat'l Tr. Co. v. Burke*, 655 F. App'x 251, 252 (5th Cir. 2016). Following a bench trial, the magistrate judge determined that Deutsche Bank did not possess the right to foreclose under the Burkes' deed of trust because the assignment was void and invalid. *Id.* at 253.

On appeal, we held that the magistrate judge's ruling was "based on the incorrect premise that when MERS assigned the deed of trust to Deutsche Bank, acting per the assignment as 'nominee for IndyMac Bank,' it as beneficiary did not have authority to assign the deed of trust." *Id.* at 254. Both Texas law and our precedent make clear that, because the original deed of trust names MERS as a beneficiary, "MERS, acting on its own behalf as a book entry system and beneficiary of the Burkes' deed of trust, can transfer its right to bring a foreclosure action to a new mortgagee by a valid assignment of the deed of trust." *Id.* Most importantly for purposes of this appeal, we explained that merely because "the assignment did not state that MERS was acting in its capacity as beneficiary does not change our analysis." *Id.* We had "not found a single case from any Texas state court that has made this distinction." *Id.* at 254 n.1.

According to the magistrate judge, we clearly erred in concluding that MERS assigned *its* foreclosure rights as beneficiary under the deed of trust because MERS executed the assignment as "nominee," suggesting that MERS was acting only in an agency capacity for a principal rather than also in its capacity as beneficiary. Because IndyMac Bank's only known successor, IndyMac Federal Bank, had been placed in receivership prior to the assignment and Deutsche Bank had failed to show that the FDIC, as receiver,

had sold the Burkes' note to another bank, the magistrate judge also concluded that there was no existing successor to IndyMac Bank.  Thus, despite the fact that we had already examined the arguments on this point, the magistrate judge, perceiving no existing principal capable of assigning a right to foreclose, determined that MERS's purported assignment of such rights as "nominee" was "void and absolutely invalid."  Deutsche Bank timely appealed.

## II.  Standard of Review

"We review *de novo* a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or mandate rule forecloses any of the district court's actions on remand."  *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (quoting *United States v. Elizondo,* 475 F.3d 692, 695 (5th Cir. 2007)).  "The mandate rule requires a district court on remand to effect our mandate and to do nothing else."  *Id.* (quoting *United States v. Castillo,* 179 F.3d 321, 329 (5th Cir. 1999), *rev'd on other grounds*, 530 U.S. 120 (2000)).  "Because the mandate rule is a corollary of the law of the case doctrine, it 'compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'"  *Id.* (quoting *Castillo*, 179 F.3d at 329).  As a second panel reviewing an appeal after a remand following a prior panel's decision in the same case, we have explained that we will only "reexamine issues of law addressed by a prior panel opinion in a subsequent appeal of the same case" if "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision on the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice."  *Hopwood v. Texas*, 236 F.3d 256, 272 (5th Cir. 2000).  In practice, we have rarely used the last exception.

### III.  Discussion

The magistrate judge construed the third exception to the law of the case doctrine as a license to disagree with our legal analysis if, in his opinion, it was "clearly erroneous" and would "work a manifest injustice" if not overruled.  The conduct here is extraordinary conduct that would lead to chaos if routinely done.  Even assuming arguendo that a trial court can overrule an appellate court on the very legal point previously decided in the absence of intervening law or new facts, this case does not represent the sort of extraordinary circumstances required to disregard the prior panel's opinion.  *See id.* at 272–73 ("Mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice for this exception.  To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." (quoting *City Pub. Serv. Bd. v. Gen. Elec. Co.,* 935 F.2d 78, 82 (5th Cir. 1991))).

No one disputes that MERS had the authority to assign its beneficiary rights to Deutsche Bank, and that its dual role as beneficiary and nominee under the deed of trust is permissible.  *Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 558–59 (5th Cir. 2015).   The prior panel opinion's conclusion that MERS transferred its beneficiary rights to Deutsche Bank through a valid assignment of the deed of trust despite being described as "nominee" was not dead wrong.  Neither the magistrate judge nor the Burkes cite any binding authority stating that MERS cannot simultaneously act as both beneficiary and nominee under the deed of trust.[1]  Even if MERS were acting only as a nominee, as the magistrate judge purports, it still would not be clearly erroneous to conclude that MERS validly assigned the deed of trust on behalf

---

[1] Notably, the only federal district court to have addressed this issue concluded that "MERS always acts simultaneously as both beneficiary and nominee under the deed of trust." *DHI Holdings, LP v. Sebring Capital Partners, Ltd. P'ship*, No. 14:17-CV-2930, 2018 WL 2688474, at *2 (S.D. Tex. June 5, 2018).

of an existing successor of IndyMac Bank.[2]   Because the FDIC could sell "all the real and personal property" of IndyMac Federal Bank, *see* 12 U.S.C. § 192, it necessarily had power to assign the rights under the note, including the foreclosure rights,[3] *see Concierge Nursing Ctrs., Inc. v. Antex Roofing, Inc.*, 433 S.W.3d 37, 45 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("The word 'assign' or 'assignment' in its most general sense means the transfer of property or some right or interest from one person to another.").

We also hold that even if the prior opinion was "dead wrong" and even if (assuming arguendo) the magistrate judge could then reexamine our ruling, no manifest injustice would result from following our mandate.  To the contrary, the manifest injustice is that the Burkes have not made a payment on their mortgage since December 2009 despite continuing to live in the home.  No one disputes that MERS, as beneficiary under the deed of trust, had the right to initiate foreclosure proceedings and to transfer that right by a valid assignment of the deed of trust.  MERS attempted to assign that right to Deutsche Bank.  The magistrate judge found no impediment to foreclosure other than a supposed defect in the assignment.  Any such imperfection does not change the fact that MERS and its successors and assigns are entitled to

---

[2] It is undisputed that a lender's failure does not preclude MERS's right to assign, as nominee, the deed of trust when there exists a successor or assign to the failed lender's right to foreclose under the deed of trust.  *See L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748, 750 (5th Cir. 2014).

[3] The case relied on by the magistrate judge to conclude that a failed bank in receivership could not be a valid assignor involved the death of a *person*.  *Pool v. Sneed*, 173 S.W.2d 768, 775 (Tex. Civ. App.—Amarillo 1943, writ ref'd w.o.m.).  The Burkes similarly rely on the Restatement (Third) of Agency § 3.07(4) for the proposition that an agency relationship generally "terminates" when the principal "ceases to exist or commence a process that will lead to cessation of existence."  However, neither the magistrate judge nor the Burkes cited any case law suggesting that the FDIC as receiver of a failed bank could not be a valid assignor as the bank's successor.  We likewise found no case reaching that result.  Rather, courts that have addressed this issue have rejected the magistrate judge's conclusion and found that the FDIC, as receiver, was a successor to IndyMac Bank.  *See Powe v. Deutsche Bank National Trust Co.*, No. 4:15-CV-661, 2016 WL 4054913, at \*3 (E.D. Tex. July 29, 2016).

No. 18-20026

foreclose on the Burkes' property.  Given nearly a decade of free living by the Burkes, there is no injustice in allowing that foreclosure to proceed.

REVERSED and RENDERED.