# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2021

Lyle W. Cayce
Clerk

No. 20-60742

Liberty Mutual Fire Insurance Company, as subrogee of Chickasaw County School District,

*Plaintiff—Appellant*,

*versus*

Fowlkes Plumbing, L.L.C.; Sullivan Enterprises, Incorporated; Quality Heat; Air, Incorporated,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC 1:17-CV-10

---

Before Higginbotham, Costa, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Liberty Mutual Fire Insurance Company appeals the denial of its motion to alter or amend the judgment, which the district court entered after we remanded the case with instructions to dismiss Liberty Mutual's

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60742

complaint. Liberty Mutual contends that the district court was required to address the merits of its motion and that the court erred when it concluded that it could only comply with our mandate.  We affirm.

## I.

This insurance coverage dispute arises from a school fire in Mississippi's Chickasaw County School District. Appellee contractors were restoring windows at the school when a fire broke out, destroying the building.[1] Liberty Mutual, the school district's property insurer, paid for the damages and then brought subrogation claims against the contractors.[2] At summary judgment, the parties contested two central issues: whether a subrogation waiver had been incorporated into the school district's contract with the contractors and, if so, whether that waiver precluded Liberty Mutual's claims entirely or only partially.[3] The district court ruled that the school district and contractors had incorporated the subrogation waiver into the contract by reference, but it determined the waiver precluded only some of Liberty Mutual's claims—those "for damages to property associated with the window restoration project."[4] The district court then permitted the contractors to file an interlocutory appeal, which we accepted.

Our inquiry began with the question of whether a valid contract, including the subrogation waiver, existed.[5] Liberty Mutual argued that, though the parties had signed an agreement, the subrogation waiver was not

---

[1] *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, LLC*, No. 1:17-CV-010-GHD-DAS, 2018 WL 842169, at *1 (N.D. Miss. Feb. 12, 2018).

[2] *Id.*

[3] *Id.* at *2.

[4] *Id.* at *7.

[5] *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, L.L.C. ("Fowlkes I")*, 934 F.3d 424, 426 (5th Cir. 2019) (per curiam).

No. 20-60742

valid because its terms did not appear in the school board's meeting minutes as required by Mississippi law.[6] Although it was plausible that the contract did not meet the requirements of Mississippi's minutes rule, we determined that "Liberty Mutual forfeited this claim by not advancing it in the district court, and so, "we treat[ed] the contract as a valid one."[7]

We then observed that significant disagreement existed between the states on the scope of the contract's subrogation waiver and that Mississippi had yet to weigh in on the issue.[8] So, we certified the following question to the Mississippi Supreme Court: "Is the waiver of subrogation between the school district and [the contractors] limited to damages to the Work or does it also apply to damages to non-Work property?"[9] The Mississippi Supreme Court answered that "the waiver of subrogation applies to work and non-work property."[10] Based on this answer, we ruled that "the waiver provides the contractors with a complete defense to this subrogation suit."[11] Thus, we reversed the district court's summary judgment ruling and rendered judgment dismissing the complaint.[12] On remand, the district court followed our mandate and entered judgment in the contractors' favor.

Liberty Mutual then filed a motion under Federal Rule of Civil Procedure 59(e), asking the district court to alter or amend its judgment

---

[6] *Id.*

[7] *Id.*

[8] *Id.* at 427-28.

[9] *Id.* at 428.

[10] *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, L.L.C.*, 290 So. 3d 1257, 1261 (Miss. 2020).

[11] *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, L.L.C. ("Fowlkes II")*, 796 F. App'x 851 (5th Cir. 2020) (per curiam).

[12] *Id.*

No. 20-60742

because the subrogation waiver was not enforceable under Mississippi law. In its supporting memorandum, Liberty Mutual asserted that we committed manifest error when we determined that it had waived the minutes-rule argument. The district court denied Liberty Mutual's motion, noting that we did not remand for further proceedings on the merits. The district court acknowledged that Liberty Mutual characterized our decision as clearly erroneous, but it declined to revisit our ruling because a lower court "does not sit in appellate review of the Fifth Circuit's rulings."[13] Liberty Mutual appealed.

## II.

Liberty Mutual contends that the district court incorrectly concluded that the mandate rule prevented it from addressing the motion to alter or amend because Liberty Mutual asserted an exception to that rule, namely that the decision was "dead wrong" and failure to correct it would be manifestly unjust. Liberty contends that our mandate rendering judgment for the contractors was "dead wrong" because it was based on our determination that Liberty Mutual failed to raise the minutes-rule argument at summary judgment. According to Liberty Mutual, it is "undeniable that Liberty Mutual argued in its briefs filed in [the district court] that the waiver of subrogation provision was not enforceable because neither the contracts themselves nor the specific terms were recorded in the School Board's minutes as required by statute."

"The mandate rule requires a district court on remand to effect our mandate and to do nothing else."[14] As a subspecies of the law-of-the-case doctrine, it forecloses the district court and any subsequent panel from

---

[13] *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, LLC*, No. 1:17-CV-010-GHD-DAS (N.D. Miss. July 14, 2020) (order denying motion to alter or amend judgment).

[14] *Deutsche Bank Nat'l Tr. Co. v. Burke*, 902 F.3d 548, 551 (5th Cir. 2018).

reexamining issues of law decided by a prior panel.[15] "We review *de novo* a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or mandate rule forecloses any of the district court's actions on remand."[16] A Rule 59(e) motion "calls into question the correctness of a judgment."[17] We review the denial of a 59(e) motion for abuse of discretion.[18]

The mandate rule is not "immutable,"[19] but it can be overcome only in strictly limited, compelling circumstances where "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision on the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice."[20] "In practice, we have rarely used the last exception,"[21] the only exception Liberty Mutual invokes. Although Liberty Mutual asserted in its motion that the clearly-erroneous exception applied, the district court deferred to our mandate and denied the motion without reevaluating the waiver issue already decided by this Court.

Liberty characterizes this deference as an abuse of discretion and directs us to several cases concerning Rule 60(b) motions to support its contention that a district court is required to address the merits of a post-

---

[15] *In re Deepwater Horizon*, 928 F.3d 394, 398 (5th Cir. 2019).

[16] *Burke*, 902 F.3d at 551 (internal quotations omitted).

[17] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).

[18] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

[19] *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (internal quotations omitted).

[20] *Hopwood v. Texas*, 236 F.3d 256, 272 (5th Cir. 2000).

[21] *Burke*, 902 F.3d at 551.

No. 20-60742

judgment motion. For instance, in *Silva v. Harris County*, we held that "the district court does not have the option simply to deny the [60(b)] motion, without considering it on its merits."[22] But it is not clear that the rationale for the *Silva* holding applies with equal force here. In *Silva*, we reasoned that "allowing the district court to consider a Rule 60(b) motion on its merits, despite a pending appeal, provides a logical and efficient method of resolving the motion" because "the district court in many cases 'is better able than we to decide' the validity of the motion" and could remove the need for an appeal.[23] But when the district court in *Silva* denied the 60(b) motion, an appeal was merely pending, and no mandate had issued.[24] Here, neither efficiency nor logic militate in favor of requiring the district court to reanalyze a legal question already argued to and decided by this Court.[25] Such a requirement would invite determined litigants to make Rule 59(e) and the clearly-erroneous exception "an auxiliary vehicle for the repetition of arguments previously advanced, without success, in appellate briefs, petitions for rehearing, and petitions for certiorari."[26]

Even if we assume that a district court must address the merits of a Rule 59(e) motion in the face of this Court's contrary mandate, there was no

---

[22] 5 F.3d 1496 (5th Cir. 1993) (per curiam); *see also United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 613 F. App'x 445 (5th Cir. 2015) (per curiam) (citing *Silva* for the same proposition).

[23] *Silva*, 5 F.3d 1496, at *3.

[24] *Id.* at *1 n.4; *see also Webb*, 940 F.3d at 897 (noting in dicta that the mandate rule is discretionary, but ultimately concluding that the mandate rule was simply inapplicable because this Court's prior orders did not "expressly or impliedly" decide the merits of appellant's claims).

[25] *See Burke*, 902 F.3d at 551 (The district court's decision to reject the Fifth Circuit's ruling as "clearly erroneous" on remand was "extraordinary conduct that would lead to chaos if routinely done").

[26] *Laffey v. Nw. Airlines, Inc.*, 740 F.2d 1071, 1083 (D.C. Cir. 1984).

error in denying the motion here; the prior decision was not clearly erroneous and Liberty Mutual does not identify a "manifest injustice" arising from the outcome. In defining the exceptional error required for relief from a mandate, we have admonished litigants that "[m]ere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice," nor is it enough for the decision to be "more than just maybe or probably wrong; it must be dead wrong."[27] If "the question is close, by definition it cannot be dead wrong."[28]

During oral argument of the interlocutory appeal, we asked Liberty Mutual whether it had raised the minutes argument below. Liberty Mutual advised us that it "didn't call out specifically the minute rule" in its opposition to summary judgment, but it had cited the Mississippi statute requiring public boards to approve contracts exceeding $50,000. Its first specific discussion of the minutes rule came in a sur-reply brief. Because the minutes-rule argument was not articulated in the opposition brief and arguments raised in a sur-reply are not properly preserved, we held that Liberty Mutual had forfeited the argument. We explained that:

> The closest Liberty Mutual came to arguing contractual invalidity was in its opposition to summary judgment, when it discussed the school board's requirement to approve the project and then questioned whether A201-2007 was part of the contract that the school board approved. But that discussion never mentions the minutes rule or Mississippi cases applying it. Instead, it argued only that the school board was unaware of these conditions. Because Liberty Mutual has

---

[27] *Hopwood*, 236 F.3d at 272–73.

[28] *Vine v. PLS Fin. Servs., Inc.*, 807 F. App'x 320, 327 (5th Cir. 2020).

forfeited its argument, we treat the contract as a valid one.[29]

Although Liberty Mutual now boldly asserts that this determination was "dead wrong," the substance of its argument has not changed since we heard it at oral argument. If we indulged the view most favorable to Liberty Mutual, its position would be arguable at most. In its Rule 59(e) motion and it briefs to this Court, the company contends that we "failed to recognize that the statutory requirement relied on by Liberty Mutual in its opposition to summary judgment did timely raise the enforceability of the waiver" and that the argument was presented in its sur-reply. Liberty Mutual also cites a sentence from the contractors' summary judgment reply brief as evidence that the contractors interpreted Liberty Mutual's opposition as raising the minutes-rule argument.

We did not fail to recognize the first two arguments. As we explained during oral argument, a new argument cannot be raised for the first time in a reply brief, let alone a sur-reply.[30] And preserving an issue for appeal requires more than citing a statute from which the argument could be made; "the party must press not merely intimate the argument."[31] As for the sentence Liberty Mutual now cites from the contractors' reply, it makes no mention of the minutes rule, nor does it clearly indicate that the contractors understood Liberty's opposition as raising the minutes rule.[32] The sentence in question deals with whether the school board actually saw the waiver

---

[29] *Fowlkes I*, 934 F.3d at 426.

[30] *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016).

[31] *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339–40 (5th Cir. 2005) (internal quotations omitted).

[32] The sentence in question reads "Liberty Mutual's position that the General Conditions form, itself, must be specifically presented and approved by the School Board is contrary to Mississippi law."

No. 20-60742

document itself, and thus, it is better viewed as part of the dispute over whether the waiver was effectively incorporated by reference into the contract, which was a primary point of contention at summary judgment.[33]

Liberty Mutual has identified no error in our prior decision, let alone one so clear that it warrants the extraordinary relief of setting aside a judgment.[34] Disagreement with our ruling, however vigorous, does not suffice. Therefore, we affirm the district court's denial of Liberty Mutual's Rule 59(e) motion.

---

[33] *See Fowlkes*, 2018 WL 842169, at *2–4.

[34] Liberty Mutual does not explain here or in its Rule 59(e) motion the nature of the manifest injustice done by our decision. Liberty Mutual was contractually obligated to pay the claims of its insured. It would be entitled to recover from the contractors only if it could show they were at fault for the damage to the school building, a matter which has not been determined. Whatever "manifest injustice" may mean, it requires more than that the case was wrongly decided.