# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2021

Lyle W. Cayce
Clerk

No. 19-20267

Joanna Burke; John Burke,

*Plaintiffs—Appellants*,

*versus*

Ocwen Loan Servicing, L.L.C.,

*Defendant—Appellee*.

consolidated with

No. 20-20209

Joanna Burke; John Burke,

*Plaintiffs—Appellants*,

*versus*

Mark Daniel Hopkins; Shelley Hopkins; Hopkins Law, P.L.L.C.,

*Defendants—Appellees*.

No. 19-20267
c/w No. 20-20209

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 4:18-CV-4543 & 4:18-CV-4544

Before Owen, *Chief Judge*, and Davis and Dennis, *Circuit Judges*.
Per Curiam:*

These consolidated appeals stem from a mortgage foreclosure dispute.[1] Joanna Burke executed a home equity note ("the Note") that was secured by a Deed of Trust, *see Deutsche Bank Nat'l Trust Co. v. Burke*, 655 F. App'x 251, 252 (5th Cir. 2016) (*Burke I*). That instrument, which was also signed by her husband, John Burke, encumbered the Burkes's home in Kingwood, Texas. After the Burkes repeatedly failed to make their loan payments, this court held that the holder of the Note, Deutsche Bank National Trust Company ("Deutsche Bank"), could proceed with foreclosure, *see Deutsche Bank Nat'l Trust Co. v. Burke*, 902 F.3d 548, 552 (5th Cir. 2018) (per curiam) (*Burke II*). The Burkes now sue Deutsche Bank's mortgage servicer, Ocwen Loan Servicing LLC ("Ocwen"), and Mark Hopkins and Shelley Hopkins, the Bank's appellate counsel in *Burke I* and *II*, and their law firm, Hopkins Law, P.L.L.C., (collectively, "the Attorney Defendants"), alleging a variety of claims relating to the foreclosure and to the conduct of the Defendants following *Burke II*. The district court dismissed the claims against Ocwen on *res judicata* grounds and for want of prosecution. The court also dismissed the claims against the Attorney Defendants for failure to state a claim. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] We consolidate case numbers 19-20267 and 20-20209.

No. 19-20267
c/w No. 20-20209

## I.

We have reviewed the facts pertinent to the foreclosure suit in *Burke I* and *II*. To summarize, in May 2007, "Joanna Burke signed a Texas Home Equity Note . . . promising to pay $615,000 plus interest to secure a loan." *Id.* at 550. The Note was secured by a Deed of Trust, signed by both Joanna and John, placing a lien on their home. *Id.* In 2011, the Deed of Trust was assigned to Deutsche Bank. *Id.* At the time of the assignment, the Burkes had not made a mortgage payment in over a year. *Id.* Deutsche Bank's loan servicer at the time, OneWest Bank, accelerated the loan, but the couple continued not to make their payments. *Id.* Deutsche Bank thus sought to foreclose on the Burkes's home, and, in 2018, we held that the bank had the right to do so. *Id.* at 552.

Following our decision in *Burke II*, the Burkes sent correspondence to Ocwen "disputing the validity of the current debt you claim we owe." The Burkes requested "all pertinent information regarding our loan." Ocwen responded through counsel. It noted that the Burkes appeared to be "questioning the entire life of the loan" and that it was "impossible to discern every concern" the Burkes may have. Nevertheless, Ocwen furnished the Burkes with copies of the Note, the Deed of Trust, the assignment of the Deed of Trust to Deutsche Bank, and the loan payment history. Thereafter, in November 2018, the Burkes filed a *pro se* suit against Ocwen in Texas state court. They brought claims for breach of contract, breach of the duty of good faith and fair dealing, fraud, negligence, negligent misrepresentation, unfair competition, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (collectively, the "Collection Claims"). The Burkes also alleged that Ocwen violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). Ocwen removed the case to federal court and then moved to dismiss the Burkes' Collection Claims on *res judicata* grounds and to dismiss the RESPA

claim for failure to state a claim. Notably, the Burkes did not respond to Ocwen's motion but moved to remand the case to state court.

Ruling on the motions before it, the district court granted Ocwen's motion to dismiss the Collection Claims, concluding that the predicates for application of *res judicata* were satisfied. Deutsche Bank, as the loan holder, and Ocwen, as the loan servicer, were in privity for purposes of *res judicata*, the court found. Further, the Collection Claims against Ocwen arose out of the same nucleus of operative facts as the earlier litigation against Deutsche Bank because both concern the loan and foreclosure on the Burkes's home. The court also concluded that the Burkes did not adequately plead a claim under RESPA but granted the Burkes twenty-one days to address their pleading deficiency. Failure to file an amended complaint within that time period, the district court cautioned, would result in dismissal. The court also denied the Burkes's motion to remand. After more than twenty-one days passed without the Burkes filing an amended pleading, the court invoked Federal Rule of Civil Procedure 41(b) and dismissed the cause without prejudice for want of prosecution. The Burkes filed a timely notice of appeal.

Contemporaneous with the filing of their suit against Ocwen, the Burkes, proceeding *pro se*, sued the Attorney Defendants in Texas state court. The Attorney Defendants removed the case to federal court, and the Burkes filed a motion to remand, which the district court denied.[2] After the Burkes filed an amended complaint, the Attorney Defendants moved to dismiss for failure to state a claim. The Burkes then requested leave to file a second amended complaint but did not attach an amended pleading or explain what new facts or theories they would plead if granted leave. The magistrate judge

---

[2] The same district court judge presided over both the actions against Ocwen and the Attorney Defendants.

denied the Burkes's motion.  The magistrate conclude that, as best it could discern from scouring the Burkes's amended complaint, the Burkes claimed that the Attorney Defendants' conduct during the foreclosure litigation constituted fraud, civil conspiracy, unjust enrichment, and violated the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 *et seq.* ("TDCA"), and the FDCPA.  The magistrate judge issued a report recommending that the district judge dismiss the Burkes's complaint for failure to state a claim.  The district court adopted the magistrate's report and dismissed the case with prejudice.  The Burkes timely appealed.

## II.

We first consider the Burkes's appeal of their action against Ocwen. The Burkes argue that district court erred in denying their motion to remand the case to state court.  We review this ruling *de novo*.  *Scarlott v. Nissan N. Amer., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).  A motion to remand is properly denied when federal jurisdiction exists and removal to federal court was appropriate.  *See id.*  Removal of an action to federal court, in turn, is appropriate when, *inter alia*, federal-question jurisdiction lies.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).  Jurisdiction on this basis "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*  Here, the Burkes's allege violations of federal law in the very first paragraph of their complaint: "Plaintiffs . . .[file] this . . .Complaint based on the fraudulent and injurious acts of Defendant in violation of [*sic*] Section 1463 of the Dodd-Frank Financial Reform Act, the Fair Debt Collection Practices Act, . . . 15 U.S.C[.] 1692, RESPA[,] 12 U.S.C. § 2605," and other state law claims.  Thus, federal jurisdiction exists, and the district court correctly denied the Burkes's motion to remand.  *See Scarlott*, 771 F.3d at 887.

Next, the Burkes contend for the first time on appeal that *res judicata* does not bar their Collection Claims against Ocwen. As mentioned, the Burkes failed entirely to file any response to Ocwen's motion to dismiss. Although we recognize that the Burkes proceeded *pro se* in the district court and we liberally construe the briefs of *pro se* litigants, the Burkes's complete lack of any opposition to Ocwen's motion to dismiss on the basis of *res judicata* in the district court forfeits their challenge on appeal to the court's granting of that motion. *See Michael Ching-Lung Wang v. Formosa Plastics Corp. Texas*, 268 F. App'x 306, 308 (5th Cir. 2008) (citing *FDIC v. Mijalis*, 15 F.3d 1314, 1326 (5th Cir. 1994) (holding that *pro se* litigant waived argument on appeal where he "utterly failed" to assert an argument in the district court)); *cf. Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 759 (5th Cir. 2019) ("[I]n failing to oppose" an adversary's motion, "Munoz has forfeited any argument that the district court's . . . order was improper."); *Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.").

Last, the Burkes challenge the district court's dismissal without prejudice of their case against Ocwen for want of prosecution. "We review a dismissal for want of prosecution or failure to obey a court order for abuse of discretion." *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998). "A district court *sua sponte* may dismiss an action for failure to prosecute or comply with any court order." *Id.* at 1031 (citing Fed. R. Civ. P. 41(b)). As noted, after determining that the Burkes' Collection Claims were barred by *res judicata*, the district court granted the Burkes leave to amend their complaint because their RESPA claim did not meet the pleading requirements of Federal Rule of Civil Procedure 8. The court's order was clear: "Failure to file an amended complaint within twenty-one days will result in dismissal of the Burkes' case without further notice." The Burkes

did not file an amended complaint within that timeframe, so the district court dismissed the action without prejudice. On these facts, we cannot say that the district court abused its discretion. *See State of La. v. Sparks*, 978 F.2d 226, 229, 233 (5th Cir. 1992) (holding that "[t]he district court did not err in dismissing with prejudice for lack of prosecution" where, *inter alia*, "the district court gave the parties warning prior to dismissal that if neither did anything, the case would be dismissed in two weeks" and neither party responded).[3]

### III.

We turn next to the Burkes's appeal of their action against the Attorney Defendants. They first challenge the district court's denial of remand. As the district court explained, the Burkes's operative complaint alleges that the Attorney Defendants violated a federal statute, the FDCPA, and thus the court could exercise federal-question jurisdiction. Accordingly, the district court correctly denied remand. *See Scarlott*, 771 F.3d at 887.

The Burkes next challenge the district court's dismissal of claims based on the attorney immunity doctrine. The district court determined that

---

[3] The Burkes make a passing reference to having been denied due process by not being permitted to engage in discovery. Because we conclude that the district court did not err in dismissing the action, the Burkes were not entitled to proceed to the discovery phase.

Further, in three single-sentence paragraphs devoid of legal argument or citation to authority, the Burkes make the conclusory assertion that the district court erred in not granting their motion (1) to strike Ocwen's supplemental response to their stay motion, (2) for reconsideration, and (3) to reinstate their case. The district court implicitly denied the first two motions by not expressly ruling on them and specifically denied the motion to reinstate. The Burkes's single-sentence arguments on appeal are plainly inadequate and are therefore forfeited. *See Jones v. City of Austin*, 442 F. App'x 917, 920 (5th Cir. 2011) ("While 'we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of [Federal] Rule [of Appellate Procedure] 28.'" (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)).

the Burkes' claims were subject to dismissal under the attorney immunity doctrine because the allegations concerned the conduct of the Attorney Defendants in their capacity as lawyers representing Deutsche Bank in the underlying foreclosure proceeding.

"We review de novo a district court's denial of a motion to dismiss based on immunity[.]" *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017) (*quoting Troice v. Proskauer Rose L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016). In considering a motion to dismiss under Federal Rule of Procedure 12(b)(6), we accept all factual allegations as true and construe the facts in the light most favorable to the plaintiff. *Id.*

"Under Texas law, attorney immunity is a 'comprehensive affirmative defense protecting attorneys from liability to non-clients, stemming from the broad declaration . . . that attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.'" *Id.* (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (alteration in original) (second set of internal quotation marks omitted)). Dismissal based on the attorney immunity defense is proper when "the scope of the attorney's representation—and thus entitlement to the immunity—[i]s apparent on the face of the complaint." *Id.*

The Burkes argue that Shelley Hopkins is not entitled to attorney immunity because she allegedly worked as a lawyer on "an on-again-off-again" basis. But the Burkes do not contend that any of Shelley Hopkins's challenged conduct occurred at a time other than when she was acting in her capacity as an attorney in the foreclosure case. Rather, all of the relevant claims relate to conduct that occurred during the course of the foreclosure case. For example, the Burkes's amended complaint contends that the Attorney Defendants committed fraud by failing to disclose evidence during

the foreclosure litigation of predatory lending by Deutsche Bank and committed civil conspiracy by working in concert to suppress evidence and make false statements to the district court. The Burkes's contention that Shelley Hopkins did not serve as counsel in the foreclosure case at all times is unavailing.

The Burkes also argue that Mark Hopkins is not protected by the doctrine because of a statement he made in a court proceeding concerning the Burkes's mortgage loan file. The Burkes appear to reference a conference before the district court in 2017 in the underlying foreclosure litigation wherein Mark Hopkins informed the court that he had reviewed the Burkes's mortgage "file, which wasn't put in evidence before the Court." Although the Burkes now state on appeal that Mark Hopkins withheld this evidence from them, they do not point to anywhere in their operative complaint where they actually alleged that Mark Hopkins wrongfully withheld the file. The Burkes fail to show that the district court erred in applying attorney immunity.[4]

Finally, the Burkes contest the district court's dismissal of their case with prejudice. We review the district court's decision only for abuse of discretion. *See Club Retro, LLC v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009). The court granted the Burkes leave to amend their complaint once and the Burkes then requested leave to file a second amended complaint. The

---

[4] The Burkes make the conclusory assertion that their claim for unjust enrichment is "valid" but do not set forth any further argument challenging the district court's determination that their claim is barred by the attorney-immunity doctrine. Thus, this issue is forfeited. *See Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1028 (5th Cir. 1988) ("Although we liberally construe the briefs of *pro se* appellants, we also require that arguments must be briefed to be preserved."). The Burkes also block quote a portion of the magistrate judge's report related to its conclusion that they failed to state a claim under the FDCA or the TDCA. They do not, however, meaningfully challenge the district court's decision and have therefore forfeited any such argument. *See id.*

Burkes did not present any additional facts that they would add to a second amended complaint nor did they attach a proposed amended complaint to their motion for leave to amend. The court denied the Burkes's motion. In ruling on the motion to dismiss the Burkes's operative complaint under Rule 12(b)(6), the court determined that dismissal with prejudice was warranted because further amendment would be futile. Based on the history of the case, the district court observed, the Burkes are "unwilling or unable to amend in a manner that will avoid dismissal."

Construing the Burkes's *pro se* argument liberally as a challenge to both the denial of leave to amend their complaint a second time and to the dismissal with prejudice, we agree with the district court. After providing the Burkes the opportunity to amend their complaint once, we cannot say the court abused its discretion in denying their request for leave to amend their complaint a second time where their motion did not explain what new facts they would allege nor attach a proposed amended complaint. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (affirming denial of leave to amend where the plaintiff did not specify how a second amended complaint would differ and did not attach a proposed second amended complaint); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (finding no abuse of discretion in the district court's denial of leave to amend where the plaintiffs failed to file an amended complaint as a matter of right or submit a proposed amended complaint in a request for leave of the court and the plaintiffs failed to alert the court as to the substance of any proposed amendment). For similar reasons, the court did not abuse its discretion in dismissing the case with prejudice after determining that the Burkes failed to state a claim and were not able or willing to amend their complaint so as to avoid dismissal. Indeed, on appeal, the Burkes remain unable to persuasively explain how they could amend their complaint in a manner that would state a plausible claim for relief.

No. 19-20267
c/w No. 20-20209

## IV.

For these reasons, the judgments of the district court are AFFIRMED.[5]

---

[5] All pending motions are denied as moot.