# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-20732
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2012

Lyle W. Cayce
Clerk

CHRISTOPHER J. EMERSON,

  Petitioner-Appellant,

versus

RICK THALER, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

  Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3653

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

  This court granted Christopher Emerson, Texas prisoner # 451863, a cer-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

tificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 petition as an unauthorized successive petition. *See Emerson v. Thaler*, No. 10-20732, slip op. (5th Cir. May 16, 2011). Emerson, however, has not briefed the issue on which COA was granted, *i.e.*, whether, under *Castro v. United States*, 540 U.S. 375, 383-84 (2003), his prior pleading should count for purposes of the successive-authorization requirement. *See id.*

Contrary to Emerson's assertion in his reply brief, this court did not hold that *Castro* is applicable to his case. *See Emerson*, No. 10-20732, slip op. at 2. We stated that it is *arguable* that *Castro* is applicable. *See id.* Emerson makes no argument that *Castro* is applicable, that he was not warned of the consequences of the recharacterization of his 2007 pleading as a § 2254 petition, or that, because *Castro* is applicable and he was not warned, the recharacterization does not count as a prior petition for successive-authorization purposes. Although *pro se* briefs are liberally construed, even *pro se* litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Emerson has failed to brief the sole issue on which a COA was granted, he has waived that issue, and the judgment is AFFIRMED. Emerson's motion to supplement the record is DENIED.