# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51143

United States Court of Appeals
Fifth Circuit

**FILED**
October 16, 2019

Lyle W. Cayce
Clerk

WILLIAM CHARLES WEBB,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:

William Charles Webb, Texas prisoner # 1888883, pled guilty to the offense of injury to a child and received a twenty-year sentence. Webb brings this challenge to his conviction under 28 U.S.C. § 2254. The district court denied Webb's § 2254 application, concluding that Webb's valid guilty plea waived his claims for habeas relief. Webb then filed a motion for relief from that judgment under Federal Rule of Civil Procedure 60(b), which the district court denied in part and dismissed in part. Webb was granted a certificate of appealability (COA) to address whether the district court abused its discretion in failing to grant relief to Webb on his claims for denial of the right to a speedy

No. 17-51143

trial, on claims of violation of due process based on the suppression of evidence, and on the claim that he was entitled to substitute counsel.   Before we can address this question on the merits, however, we must first address the respondent's contention that we do not have jurisdiction over this appeal. Finding that we have jurisdiction, we still do not address these issues because we affirm on the grounds that Webb, on appeal, has waived any argument related to the issue upon which he was granted appellate review.

I.

In September 2013, Webb pled guilty to the offense of injury to a child for which the state court sentenced him to a twenty-year prison term.   Before entering his guilty plea, Webb filed motions asserting that he had the right to a speedy trial, asking that the state provide him with any exculpatory evidence in its possession, and requesting that substitute counsel be appointed.   Despite Webb's guilty plea, the state trial court certified that Webb had not waived his right to appeal matters, such as these, that were raised by written motion before trial.

After exhausting his state court remedies, Webb came to federal court and filed a 28 U.S.C. § 2254 application challenging his conviction. In his application, Webb raised claims of denial of the right to a speedy trial, violation of due process based on the suppression of evidence, error in failure to grant his motion to appoint substitute counsel, and ineffective assistance of counsel. The district court determined that Webb's claims for habeas relief were waived by his valid guilty plea and denied the § 2254 application.   Both the district court and this court denied Webb a COA.   This court then denied Webb's request for reconsideration and rehearing en banc.

After this court's mandate issued, Webb filed a pro se motion for relief from the district court's judgment under Federal Rule of Civil Procedure 60(b). Relying on subsections 60(b)(1) and (6), Webb argued that the district court

No. 17-51143

erred when it determined that his claims for habeas relief were waived by his guilty plea. The district court did not agree and denied in part and dismissed in part Webb's Rule 60(b) motion. The district court held that it had "reviewed [Webb's] ineffective assistance of counsel claims and found no evidence that [his] guilty plea was not knowing and intelligent." The district court also held that to the extent Webb challenged the merits of its prior ruling, the Rule 60(b) motion must be dismissed as an unauthorized successive § 2254 application.

Webb timely appealed. In response, a member of this court granted Webb a COA, allowing an appeal on the following issue:

> [W]hether the district court abused its discretion in denying in part and dismissing in part Webb's Rule 60(b) motion . . . as to the three claims Webb preserved by a written motion prior to trial (namely, denial of the right to a speedy trial, violation of due process based on the suppression of evidence, and error in failure to appoint substitute counsel).

Order, *Webb v. Davis*, No. 17-51143, at 3 (5th Cir. Aug. 29, 2018). As noted in the order, because Texas allows defendants who enter guilty pleas to appeal issues that were raised in written motions prior to trial, a petitioner who has pled guilty may raise those issues in a § 2254 application. *Gibson v. Klevenhagen*, 777 F.2d 1056, 1059 (5th Cir. 1985).

II.

On appeal, Webb makes two arguments. First, that the district court erred in affording a presumption of correctness to the state court habeas proceedings. And second, that his trial counsel was ineffective. The respondent asserts that the district court lacked jurisdiction to grant Webb's Rule 60(b) motion. Alternatively, she argues that the district court did not abuse its discretion when it denied Webb's motion.

No. 17-51143

III.

As we have earlier noted, before we can proceed further with this appeal, we must assure ourselves that we have jurisdiction to adjudicate Webb's claims.  "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (internal quotations and citations omitted).  This court's jurisdiction to consider the merits of this appeal is predicated on whether the district court had jurisdiction to consider Webb's Rule 60(b) motion.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  When the district court lacked jurisdiction, this court's "jurisdiction extends not to the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (quotations omitted).

A.

The respondent first asserts that the district court lacked jurisdiction to grant Webb's Rule 60(b) motion because the legal basis for that motion had already been decided and rejected by this court when it declined to grant Webb a COA on the district court's initial denial of his § 2254 application.  This argument implicates the "mandate rule" which is "a corollary of the law of the case doctrine." *Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633, 639 (5th Cir. 2014).  Under the mandate rule, lower courts must comply "with the dictates of a superior court" and cannot allow "relitigation of issues expressly or impliedly decided by the appellate court." *See id.* at 639–40 (quoting *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004)).  "Despite its importance, the mandate rule is a discretionary device and not immutable." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (emphasis omitted).  Indeed, our court has recognized several exceptions to the rule, including where the district court considers new evidence, where there is an intervening change in law, or

where "the earlier decision was clearly erroneous and would work a manifest injustice." *Id.* at 205–06. Accordingly, the mandate rule did not deprive the district court of jurisdiction to resolve the Rule 60(b) motion in Webb's favor. *Cf. United States v. Simpson*, 796 F.3d 548, 552 (5th Cir. 2015) (declining to address the applicability of the mandate rule before proceeding to the merits). To be sure, the mandate rule that the respondent asserts as jurisdictional is not jurisdictional at all—it is a discretionary rule that can be set aside in certain circumstances. *See United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012).

In any event, the mandate rule does not have merit here. The only orders issued by this court were the orders denying Webb's request for a COA and motion for reconsideration and rehearing en banc. Neither of these orders specifically addressed the district court's determination that Webb's guilty plea waived his claims for habeas relief. Instead, in denying Webb's request for COA, this court determined only that Webb had not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Order, *Webb v. Davis*, 17-50123, at 2 (5th Cir. Oct. 25, 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because this court's COA order did not "expressly or impliedly" decide that the district court had correctly determined that Webb's guilty plea waived his underlying claims, the district court could have granted Webb's Rule 60(b) motion without running afoul of the mandate rule.

B.

The respondent next argues that the district court lacked jurisdiction to grant Webb's motion because it amounted to an unauthorized second or successive § 2254 application. A prisoner is required to obtain authorization

from this court before filing a second or successive § 2254 application in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application. *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). A purported Rule 60(b) motion should be construed as a successive habeas application when it raises a new theory of relief or disputes the district court's substantive resolution of a claim. *Id.* at 532.[1] In contrast, a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" or a procedural ruling that precluded a merits determination should not be construed as an unauthorized successive habeas application. *See id.* at 532, 535–36. "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed [as a Rule 60(b) motion] creates no inconsistency with the habeas statute or rules." *Id.* at 533.

We have never squarely addressed whether a Rule 60(b) motion that challenges a district court's dismissal of claims based on the determination that the claims were waived by the petitioner's guilty plea is an unauthorized successive habeas application. But we do not write on a blank slate. In *Gonzalez*, for example, the Supreme Court provided the following instances of procedural rulings that habeas petitioners can challenge through a Rule 60(b) motion: rulings based on failure to exhaust, procedural default, or a statute-of-limitations bar. *Id.* at 532 n.4. We have since reasoned that other rulings that can be challenged in a postjudgment motion include: the district court's denial

---

[1] A district court resolves habeas claims on the merits when it makes "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254 (a) and (d)." *Gonzalez*, 545 U.S. at 532 n.4.

No. 17-51143

of funding, the district court's dismissal of claims without conducting an evidentiary hearing, and the district court's failure to consider claims presented in the habeas application. *See Crutsinger v. Davis*, 929 F.3d 259, 265–66 (5th Cir. 2019); *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018); *United States v. Brown*, 547 F. App'x 637, 642 (5th Cir. 2013). Similarly, the Eleventh Circuit has recently held that "the denial of a claim based on a valid appeal waiver is not a decision on the merits" and therefore can be attacked through a Rule 60(b) motion. *See Pease v. United States*, 768 F. App'x 974, 976 (11th Cir. 2019).

In the light of these precedents, we conclude that Webb's motion attacking the district court's determination that his guilty plea waived his habeas claims was only a Rule 60(b) motion and not a successive § 2254 application. We reach this conclusion because in denying Webb habeas relief the district court did not address the substance of any of his claims. Instead, it concluded that Webb's voluntary guilty plea effectively waived those claims. The crux of Webb's Rule 60(b) motion is that the district court's ruling that his guilty plea waived his habeas claims was error. Nor did Webb's motion seek to raise new claims. This challenge is analogous to the types of procedural attacks recognized in *Gonzalez* as properly brought in a Rule 60(b) motion. Accordingly, we hold that Webb's motion is not a successive § 2254 application and that we have jurisdiction over this appeal.

IV.

We now turn to the merits of whether the district court erred in denying 60(b) relief to Webb. Whether to grant or deny Rule 60(b) relief is within the sound discretion of the district court. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). "It is not enough that the granting of relief might have been permissible, or even warranted;" instead, "denial must have been so unwarranted as to constitute an abuse of discretion." *Id.* As stated, Webb

7

claims he is entitled to relief under both Rule 60(b)(1) and (6). As we have said earlier, Webb claims that the district court erred procedurally by holding that his guilty plea waived his right to raise his habeas claims. It is thus clear that Webb's claim, as articulated, falls under Rule 60(b)(1), which allows a district court to afford relief from a final judgment on the account of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) is a catchall provision that allows for the granting of relief from a judgment for "any . . . reason that justifies relief" other than those reasons listed in Rule 60(b)(1)–(5). Fed. R. Civ. P. 60(b)(6). "The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). Here, Webb asserted the same grounds for relief under Rule 60(b)(6) as he did under Rule 60(b)(1). Accordingly, he "cannot obtain relief under 60(b)(6)." *Id.*

We thus focus on Rule 60(b)(1). A "mistake" under Rule 60(b)(1) includes judicial errors, but such an error must be a "fundamental misconception of the law," and not merely an erroneous ruling. *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983). In considering this issue, we are mindful that we must liberally construe Webb's brief because he is proceeding pro se. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Even so, "arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Webb's appellate brief fails to address whether the district erred by denying his Rule 60(b)(1) motion as to his habeas claims based on denial of the right to speedy trial, suppression of evidence, and error in failure to appoint substitute counsel. Instead, his brief raises two arguments on issues that are not properly before us. First, Webb argues that the district court erred by affording a presumption of correctness to the state court habeas proceedings. This issue is not properly before us because Webb did not raise it in his Rule

No. 17-51143

60(b) motion. Next, Webb contends that his trial counsel was ineffective. Webb did raise this issue in his Rule 60(b) motion, but our review is confined to the issues granted a COA. *See* 28 U.S.C. § 2253(c). The COA order denied Webb a COA with respect to his ineffective assistance of counsel claims. Order, *Webb v. Davis*, No. 17-51143, at 3 (5th Cir. Aug. 29, 2018). Thus, we are forbidden to consider this claim. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997). Accordingly, for procedural reasons by which we are bound, we close this opinion without reaching the merits of Webb's appeal. *See Emerson v. Thaler*, 464 F. App'x 346, 346–47 (5th Cir. 2012) ("Because Emerson has failed to brief the sole issue on which a COA was granted, he has waived that issue, and the judgment is AFFIRMED.").

V.

In sum, the mandate rule did not deprive the district court of jurisdiction to grant Webb's Rule 60(b) motion. We additionally hold that, when a petitioner files a Rule 60(b) motion attacking a district court's determination that the petitioner's habeas claims were waived by his guilty plea, the motion is not an unauthorized successive habeas petition. Nonetheless, because Webb has waived argument concerning the issue upon which this court granted appellate review, the judgment of the district court is

AFFIRMED.