# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2022

Lyle W. Cayce
Clerk

No. 21-30763

James C. Tate,

*Plaintiff—Appellant*,

*versus*

United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied International & Service Workers International Union Local 8363,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-882

Before Clement, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:*

Pro se Plaintiff-Appellant James C. Tate appeals the district court's order granting summary judgment in favor of Defendant-Appellee United Steel Workers Union Local 8363 ("Union" or "USW") and its order

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30763

denying relief under Federal Rule of Civil Procedure 60(b).  For the following reasons, we AFFIRM.

## I

Tate was employed as a production operator at a petroleum refinery in Louisiana from 1994 to 2017.  During his employment, Tate was a Union member.  On September 1, 2017, the employer refinery gave Tate the choice between termination and retirement.  Tate elected retirement.

Tate, who is African American, immediately wrote a grievance alleging that he was terminated on the basis of race.  The Union offered to file the grievance on Tate's behalf and did so on October 22.  In August 2018, the employer denied the grievance on the basis that Tate had elected to retire and not been terminated.  In July 2019, the Union informed Tate that it would not arbitrate his case on his behalf because it believed that it was not likely to succeed.

In March 2020, Tate sued the Union, alleging breach of contractual obligations and race-based employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*.  He did not name his former employer.  The Union moved for summary judgment, which the district court granted in full.  Tate then moved for relief under Rule 60(b), arguing that the Union failed to notify him of its summary judgment motion and to serve him with the motion and attachments.  The district court denied that motion too, finding that Tate failed to establish he had not received notice of the motion.

Liberally construing the briefing in light of Tate's pro se status, the instant appeal challenges both orders of the district court.

## II

We review a district court's grant of summary judgment *de novo*. *See Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). Summary judgment is appropriate when a movant establishes that "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

As an initial matter, Tate does not challenge the district court's conclusion that most of his claims are time-barred. Namely, his breach-of-contract claims arising from various alleged conduct between 2004 and 2017, *see* La. Civ. Code art. 3499 (10-year statute of limitations); his claim that the Union breached its duty of fair representation when it decided not to arbitrate on his behalf in July 2019, *see* 29 U.S.C. § 160(b) (six-month statute of limitations); and his Title VII claims based on alleged events in 2011 and 2015, *see* 42 U.S.C. § 2000e-5(e)(1); La. Stat. Ann. § 51:2231 (300-day statute of limitations). Thus, we do not address those claims because they are time-barred.

As for the remaining Title VII claim stemming from the Union's refusal to arbitrate on his behalf, Tate failed to proffer similarly situated comparators that were treated differently in nearly identical circumstances. Tate set forth three white comparators but did not establish involvement by the Union to advance a post-termination grievance to arbitration in those cases. Thus, the comparators are not similar to Tate. *See Wesley v. Gen. Drivers, Warehousemen & Helpers Loc. 745*, 660 F.3d 211, 213 (5th Cir. 2011) (recognizing that a prima facie case of discrimination requires the plaintiff to establish "he was treated less favorably . . . than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances" (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009))).

No. 21-30763

In his remaining breach-of-contract claim, Tate alleges that the Union breached the International USW Constitution by failing to establish a Civil Rights Committee and to hold regular membership and Board meetings. Under the Labor Management Relations Act, individual union members may bring claims for breach of an international union constitution. *See* 29 U.S.C. § 185; *see also Wooddell v. Int'l Bhd. of Elec. Workers, Loc. 71*, 502 U.S. 93, 100–02 (1991). However, the record reflects that the Union did schedule regular meetings and did establish a Civil Rights Committee. Tate argues that the meetings had poor attendance and the Committee had few members, but he fails to point to any provision of the USW Constitution requiring the Union to recruit more members to the Committee or to compel attendance at meetings. Thus, he has not shown that the Union breached the USW Constitution.

Finally, we review the district court's denial of relief under Rule 60(b) for abuse of discretion. *See Webb v. Davis*, 940 F.3d 892, 898 (5th Cir. 2019). Tate fails to point to record evidence supporting that he was not properly provided copies of the motion for summary judgment and attachments. He also fails to identify any arguments that he failed to advance in opposition to the motion but would have if given additional opportunity. The district court did not abuse its discretion when it denied Tate relief under Rule 60(b).

\*     \*     \*     \*

We AFFIRM the judgment of the district court.

4