**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2773

_____

UNITED STATES OF AMERICA

v.

DARNELL LAMONT DOSS,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. Action No. 1-12-cr-00326-001)
District Judge: Honorable Christopher C. Conner

_____

Argued October 18, 2022

_____

Before: GREENAWAY, JR., MATEY, and ROTH, *Circuit Judges*.

(Opinion Filed:  April 5, 2023)

_____

OPINION[1]

_____

---

[1] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Benjamin R. Barnett, Esq.
Caroline Power, Esq.
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

Katherine McKeen [ARGUED]
University of Pennsylvania
Carey Law School
3400 Chestnut Street
Philadelphia, PA 19104

      <u>Counsel for Appellant</u>

Gerard M. Karam, United States Attorney
Daryl F. Bloom, Deputy Chief, Criminal Division (Harrisburg)
Stephen R. Cerutti, II
Christian T. Haugsby [ARGUED]
Carlo D. Marchioli, Chief, Appeals Unit
Office of United States Attorney
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

      <u>Counsel for Appellee</u>

GREENAWAY, JR., *Circuit Judge*.

## I. Introduction

Darnell Doss appeals the District Court's construal of his letter requesting relief as an impermissible second or successive 28 U.S.C. § 2255 motion.[1] The narrow question before us is whether the District Court had jurisdiction to consider the letter as a motion to reopen under Fed. R. Civ. P. 60(b), rather than a second or successive § 2255 motion. For the following reasons, we find that the District Court did not have jurisdiction to consider the letter as a motion to reopen under Rule 60(b).

## II. Background

In October 2014, Appellant Darnell L. Doss entered a written plea agreement with the United States. He pleaded guilty to violating Title 21, United States Code, Section 841, possession with the intent to distribute cocaine. Doss waived his right to appeal directly. He retained his right to assert collateral attacks. At sentencing, Doss was informed by his court-appointed counsel, John F. Yaninek, that he would not file a notice of appeal. Mr. Yaninek told Doss that if he received a sentence within the Guidelines range as per his plea agreement, filing a direct appeal would void Doss's plea agreement and expose him to the Guidelines range of 262 to 327 months. During the sentencing

---

[1] We note that the attorneys representing Appellant appeared pro bono. We thank them for taking this case on a pro bono basis and for the very able and professional way in which they handled the representation and argument before the Court.

hearing, Mr. Yaninek informed the court that he had advised Doss against filing a direct appeal. Doss was sentenced to 151 months of imprisonment, a sentence within the Guidelines range. After sentencing, in two subsequent letters, Doss instructed Mr. Yaninek to file a notice of appeal. Mr. Yaninek did not file an appeal on Doss's behalf.

On July 30, 2015, Doss wrote to the District Court, requesting documents related to his plea bargain and sentence. Doss asked the Court to appoint new counsel and leave to appeal *nunc pro tunc*, claiming his court-appointed counsel failed to file an appeal on his behalf. The District Court construed Doss's letter as a motion to extend the time for filing an appeal. The District Court denied this motion given that the standard 14-day deadline to file a notice of appeal had passed, and so had the 30-day period in which district courts are allowed to extend the time to file a notice of appeal. In March 2016, Doss filed a 28 U.S.C. § 2255 motion. He alleged, among other claims, that his counsel was ineffective for failing to file a notice of appeal despite his instruction to do so.

The District Court denied Doss's motion. Doss then filed a request for a Certificate of Appealability ("COA") which we denied.

In February 2019, the Supreme Court decided *Garza v. Idaho*, 139 S. Ct. 738 (2019). *Garza*, which abrogated *Mabry*, holds that the presumption of prejudice when an attorney fails to file a notice of appeal "applies even when the defendant has signed an appeal waiver."[2] *Id.* at 744.

---

[2] *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008).

In January 2020, Doss wrote a letter to the District Court asking "for a reconsideration or whatever equitable vehicle exists for this Court to rectify it's [*sic*] own decision" in light of *Garza,* which Doss claimed was a change in substantive law that required the District Court to grant him relief. JA0035-37. In February 2020, the District Court construed Doss's letter as a second or successive § 2255 motion. The District Court transferred the filing to our Court to be construed as an application to file a second or successive § 2255 motion. In June 2020, we denied the application for permission to file a second or successive § 2255 motion. In the event that Doss's letter could be construed as a motion to reopen under Rule 60(b), we directed the Clerk of our Court to transfer Doss's objection, along with an April 2020 objection filed by Doss, to the District Court to be docketed as a notice of appeal of the District Court's February 2020 order. [3]

Subsequently, Doss moved for a COA. On September 24, 2021, this Court granted Doss's request for a certificate of appealability "solely for the issue whether the District Court had jurisdiction to consider Doss's January 2020 letter as a motion to reopen under Fed. R. Civ. P. 60(b), rather than a second or successive § 2255 motion." JA0044-45.

---

[3] Doss's April 2020 objection was construed as a Rule 60(b) motion to reopen the District Court's February 2020 Order which construed the January 2020 letter as a second or successive § 2255 motion.

Doss's January 2020 letter was properly construed as a second or successive § 2255 motion. Consequently, the District Court did not have jurisdiction to consider the letter as a motion to reopen under Rule 60(b).

## III. Discussion

### a. Jurisdiction and Standard of Review

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). The legal status of Doss's January 2020 letter is an issue of law that we will review de novo. *See Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004) ("[A] question regarding the legal status of the 60(b) motion is an issue of law that we review de novo.").

### b. Analysis

#### i. The District Court Properly Construed Doss's Letter as an Improper Second or Successive Habeas Motion
##### 1. Doss's Letter was not a Rule 60 Motion

We agree that Doss's letter was not a Rule 60(b) motion. A true Rule 60(b) motion "attacks…some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). These attacks are procedural in nature. *Id*.[4] Conversely, a Rule 60(b) motion is a second or successive habeas petition "if it

---

[4] Examples of procedural attacks include claims that attack the "[f]raud on the federal habeas court" or rulings "which precluded a merits determination…for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez,* 545 U.S. at 532 nn. 4–5; *see also Pridgen*, 380 F.3d at 727.

attacks the federal court's previous resolution of a claim *on the merits*." *Id*. (emphasis in original).

Doss argues that the District Court did not decide his initial § 2255 motion on the merits. We disagree. The District Court substantively evaluated Doss's claims on the merits. First, the District Court noted that Doss retained his right to collateral appeal. Then, the District Court evaluated Doss's appellate waiver under the framework of *Mabry*, 536 F.3d at 237 (recognizing that criminal defendants may waive appellate rights if (1) the waiver was knowing and voluntary, and (2) enforcement of the waiver will not work a miscarriage of justice), *abrogated in part by Garza*, 139 S. Ct. at 743 n.3 (2019).[5]

The District Court found that Doss had "knowingly and voluntarily" waived his right to direct appeal, noting that this waiver was clearly in the plea agreement. JA0022-23. Finally, the District Court found no miscarriage of justice resulting from the enforcement of Doss's appellate waiver, as Doss's sentence was received as part of his plea agreement. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Thus, his appellate waiver was valid. Concerning his other ineffective assistance of counsel claims, the

---

[5] The District Court recognized that courts usually conduct an analysis under *Strickland v. Washington*, 466 U.S. 668 (1984) in accordance with the presumption of prejudice standard of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), but noted that, under the then-existing standard of the Third Circuit, the usual analysis for evaluating ineffective assistance of counsel claims did not apply. Accordingly, the District Court evaluated Doss's appellate waiver under *Mabry*'s knowing and voluntarily standard.

District Court found that the claims fell short of the *Strickland v. Washington*, 466 U.S. 668 (1984) standard.

The District Court clearly addressed the merits of Doss's ineffective assistance claims. Thus, any challenge Doss raised in his January 2020 letter attacked the District Court's substantive resolution of his initial § 2255 claim on the merits and was a second or successive habeas petition.

Doss directs the Court to non-binding authorities to support his claim that the District Court had the jurisdiction to construe his January 2020 letter as a Rule 60(b) motion. He argues that the application of his waiver was a procedural and not a substantive decision. These arguments fail as the cases are inapplicable in this instance. Moreover, the habeas denials were procedural, whereas Doss received a substantive denial.[6]

---

[6] Doss points to *Webb v. Davis*, 940 F.3d 892 (5th Cir. 2019) and *Pease v. United States*, 768 F. App'x 974 (11th Cir. 2019). The Fifth Circuit concluded that Webb's "motion attacking the district court's determination that his guilty plea waived his habeas claims was only a Rule 60(b) motion and not a successive § 2254 application." The Fifth Circuit reached this conclusion "because in denying Webb habeas relief the district court did not address the *substance of any of his claims*." *Webb*, 940 F.3d at 898 (emphasis added). Pease also challenged a prior ruling that "pre[c]luded a merits determination." *Pease*, 768 F. App'x at 976. Pease challenged "the time-bar ruling in his § 2255 proceeding" and his designation as a career offender. *Id.* The Eleventh Circuit found that both challenges were brought adequately as Rule 60(b) motions based on procedural flaws. *Id.* These examples of procedural defects are dissimilar to the instant case. The District Court *did* reach a merits determination on Doss's § 2255 ineffective assistance of counsel claim. (Of course, as an out-of-circuit, not precedential opinion *Pease* carries little weight *ab initio*.)

## 2. Doss's Letter was a Second or Successive § 2255 Motion

Doss, in his January 2020 letter and his briefing, argues that *had Garza* been the law when the District Court decided his initial § 2255 motion, the District Court *could* have granted him relief. We cannot speculate on what might have been. *Gonzalez* makes clear, however, that Rule 60(b) cannot be a vehicle to present new claims for relief based on later changes in substantive law. *Gonzalez*, 545 U.S. at 531. While "a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim ... [,] such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.* (citation and quotation marks omitted). Even *Garza* cannot revive Doss's claim. The District Court properly construed Doss's January 2020 letter as a second or successive habeas petition.

## IV. Conclusion

For these reasons, we find that the District Court did not have jurisdiction to consider Doss's letter as a Rule 60(b) motion.