# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-11104
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Derrick Adrian Johnson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:21-CV-1676, 3:16-CR-349-1

---

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Derrick Adrian Johnson, federal prisoner # 36454-177, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). This court granted Johnson a certificate of appealability (COA) as to whether appellate counsel

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

was ineffective "for failing to investigate and raise a challenge to the district court's refusal to grant him funds for a mental health expert."

Johnson's opening brief contains no meaningful argument as to whether appellate counsel was ineffective for failing to investigate and challenge the district court's denial of his requests for funding to hire a mental health expert. The brief cites neither the general standard for assessing claims of ineffective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668, 687 (1984), nor the specific standard applicable to claims of ineffective assistance of appellate counsel, *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Instead, it simply argues that the district court and this court wrongfully denied his claims that he was entitled to funds to retain a mental health expert who could aid him in presenting an insanity defense, complains that both courts willfully failed to follow binding Supreme Court and circuit precedent, and states that the standard of review is for "manifest error."

Although this court liberally construes pro se briefs, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also* Fed. R. App. P. 28(a). Because Johnson has failed to brief the issue of appellate counsel's ineffectiveness, he has abandoned the sole issue on which this court granted a COA. *See Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019); *Emerson v. Thaler*, 464 F. App'x 346, 346-47 (5th Cir. 2012).[1] We may not address the claims that Johnson does raise because our review is limited to the issue for which we granted the COA. *See* 28 U.S.C. § 2253(c); *Webb*, 940 F.3d at 899; *United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998).

---

[1] Although an unpublished opinion issued on or after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4).

Finally, Johnson has filed a motion asking this court to sanction the Government. As relief, he also asks this court to order the Government to serve him with a copy of its brief. Having failed to properly brief the issue for which a COA was granted, Johnson is not entitled to file a reply brief remedying that deficiency. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). Johnson was aware as early as November 7, 2023, that the Government had filed its brief because he mentioned it in his motion to expedite his appeal. Also, this court sent Johnson a letter on November 6, 2023, advising him that the Government's brief was deemed filed that day and that he had 21 days to file a reply brief. Johnson's motion to expedite references that letter as well. Although he alleges that he contacted the Government multiple times to request a copy of its brief, he does not include a copy of any letters or a copy of his mail log to substantiate his claims. More importantly, Johnson's reply brief was due November 27, 2023. Yet he waited until "early December" to send his first letter to the Government; waited until January 25, 2024, to ask this court to provide him a copy of the Government's brief; waited until February 20, 2024, to move this court to order the Government to provide him with a copy of its brief; and has not previously moved for an extension of time to file his reply brief. Furthermore, given Johnson's lack of diligence, we will not entertain a motion for extension of time to file a reply brief or to file a reply brief out of time. *See* 5TH CIR. R. 31.4.4.

Johnson's motion to sanction the Government is DENIED. Johnson's motions for release pending appeal and to expedite the appeal also are DENIED. *See Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). The judgment of the district court is AFFIRMED. *See Webb*, 940 F.3d at 899.